**In the Interest of A.J.F., A Child.**

**No. 05–08–00039–CV.**

Court of Appeals of Texas,
Dallas.

May 13, 2010.

Rande K. Herrell, John B. Worley, Atty. Gen. Office, Child Support Division, Michael D. Becker, Asst. Atty. Gen., Austin, TX, for Appellant.

Amber Nicole Fox, Cedar Hill, TX, Joseph Sumner, Public Defender's Office, Dallas, TX, for Appellee.

Before Justices BRIDGES, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion By Justice BRIDGES.

Appellant Office of the Attorney General ("OAG") appeals from the trial court's order granting appellee Damian Koby Jackson's "motion to dismiss for enforcement." We dismiss the appeal for lack of jurisdiction.

### Background

The OAG filed a petition for confirmation of the non-agreed proposed child support review process order establishing Jackson as the father of A.J.F. and ordering him to pay child support. Jackson was served with a notice, informing him that a hearing would be held on the petition and that he had to personally appear at the hearing or file an answer or response within 20 days of service to avoid a default judgment. Jackson did not file an answer or response.

On September 19, 2005, the trial court held a hearing on confirmation of the child support review order. Jackson did not attend the hearing. On the same day, the trial court signed an order confirming the non-agreed child support review order and also signed the child support review order establishing the parent-child relationship. Both orders state that Jackson, "although duly notified, did not appear." The court found that Jackson was the biological father of A.J.F. and ordered him to pay $160 per month in child support and $40 per month in cash medical support.

In July of 2006, the OAG filed a motion for enforcement, seeking judgments for unpaid child support and medical support. The OAG also sought an order of contempt against Jackson and, therefore, the Dallas County Public Defender's Office was appointed to serve as Jackson's attorney. The public defender filed an answer on behalf of Jackson which argued (1) Jackson was not served with citation on the petition for confirmation of the child support review order and that the court consequently lacked jurisdiction and (2) Jackson lacked the ability to pay the support ordered. The answer requested both that the motion for enforcement be dismissed and that the OAG take nothing.

An associate judge heard the OAG's motion and, on February 12, 2007, signed an order rendering a child support arrearage judgment of $4,266.99 and a medical support arrearage judgment of $615.60. The order further found Jackson in contempt. The same day, the Judge of the 256th District Court, sitting for the Judge of the 254th District Court (the referring court), without a hearing, signed an order adopting the associate judge's report. Also on the same day, Jackson filed a notice of appeal to the referring district court, challenging the associate judge's order that he was in contempt, ordering his jail sentence, awarding the arrearage judgments, and ordering that he pay court costs.

Thereafter, the referring district court held hearings related to Jackson's appeal. After the final hearing on October 8, 2007, the referring court signed an order granting Jackson's motion to dismiss the motion for enforcement, declared the child support review order and the order confirming it void, and vacated the February 12, 2007 enforcement order.

The OAG filed a motion to vacate the judgment or, in the alternative, motion for new trial. The trial court denied the OAG's motions. The trial court filed findings of fact and conclusions of law at the OAG's request. This appeal ensued.

**Analysis**

The OAG raises the four issues on appeal: (1) the trial court lacked plenary jurisdiction to vacate the February 12, 2007 enforcement order or to declare the 2005 orders void; (2) Jackson cannot collaterally attack the recitations in the child support review orders that he was "duly notified" and that the court had personal jurisdiction; (3) Jackson submitted to the trial court's jurisdiction and waived his complaint of lack of personal jurisdiction by making an appearance in this matter and seeking affirmative relief from the court; and (4) the trial court erred in finding that Jackson had not been properly served in the suit that led to the establishment of his paternity and child support obligation.

In its first issue, the OAG alleges "the trial court lacked plenary jurisdiction to vacate the February 12, 2007 enforcement order or to declare the 2005 orders void." The OAG argues that, pursuant to Rule 329b, the enforcement order, signed by the referring district court on February 12, 2007, became final and appealable after 30

days. *See* TEX.R. CIV. P. 329b(d). The OAG notes the trial court's order vacating the enforcement order was signed on October 8, 2007, nearly eight months after the referring district court signed the enforcement order on February 12, 2007. Thus, the OAG contends the October 8 order was signed outside the court's plenary power. *See In re Office of the Attorney General of Texas*, 264 S.W.3d 800, 809 (Tex.App.-Houston [1st Dist.] 2008, no pet.) ("Orders entered outside a trial court's plenary power are void.")

Section 201.015 of the family code gives a party the right to request a de novo hearing before the referring court by filing with the clerk of the referring court a written request within seven working days[1] of receiving proper notice of the associate judge's report. TEX. FAM.CODE ANN. § 201.015(a) (Vernon 2008). Jackson timely filed an appeal of the associate judge's report on February 12, 2007.

■ Section 201.015(f) then requires the referring court to hold a hearing on the appeal within thirty days. *See id.* at § 201.015(f) ("The referring court, after notice to the parties, shall hold a de novo hearing not later than the 30th day after the date on which the initial request for a de novo hearing was filed with the clerk of the referring court."); *see also Fountain v. Knebel*, 45 S.W.3d 736, 739 (Tex.App.-Dallas 2001, no pet.). The purpose of this section is to require the prompt resolution of appeals from an associate judge's ruling. *Harrell v. Harrell*, 986 S.W.2d 629, 631 (Tex.App.-El Paso 1998, no pet.).

The record before us demonstrates the associate judge signed the enforcement order on February 12, 2007 and the judge of the 256th District Court, on behalf of the

1. At the time the appeal of the enforcement order was filed in this case, the time limit to appeal was within three working days of receiving notice of the associate judge's report. *See* TEX. FAM.CODE ANN. § 201.015(a) (Vernon 2007).

referring court, also signed the order the same date. The referring district court then held three hearings [2] on the appeal of the February 12, 2007 order. Following the final hearing on October 8, 2007, the referring court granted Jackson's motion to dismiss motion for enforcement.

▆▆ Although the referring court should have held a hearing on Jackson's appeal before signing an order adopting the associate judge's report, its failure to do so did not deprive it of jurisdiction to issue the order or make the order void. *Latty v. Owens*, 907 S.W.2d 484, 485 (Tex. 1995). A judgement is void only when it is clear that the court rendering the judgment had no jurisdiction over the parties or subject matter, no jurisdiction to render judgment, or no capacity to act as a court. *Id.* (citing *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex.1990)). The failure to follow proper procedure will not render the February 12, 2007 judgment void. *Latty*, 907 S.W.2d at 485 (citing *Ex parte Coffee*, 160 Tex. 224, 328 S.W.2d 283, 291 (1959)).

▆▆ An order which purports to dispose of all issues and all parties, like the district court's February 12 order adopting the associate judge's report, is a final appealable order. *Latty*, 907 S.W.2d at 485; *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985). Jackson did not file a motion to extend the trial court's plenary power, petition the district court to vacate the order adopting the associate judge's report, timely appeal or file a bill of review. Consequently, the trial court's plenary power expired 30 days later. *Latty*, 907 S.W.2d 484, 486. *See also Metropolitan Transit Authority v. Jackson*, 212 S.W.3d 797, 803 (Tex.App.-Houston [1st Dist.] 2006, pet.

denied) (analyzing *Latty* and stating that because the order adopting the court master's report was voidable but not void, and the defendant did not challenge the voidable judgment by appeal, the judgment became final and an order subsequently signed by the trial court was void because it was signed outside the court's plenary power); *In the Interest of A.N.*, 126 S.W.3d 320, 321–22 (Tex.App.-Amarillo 2004, pet. denied).

▆▆ The order appealed from here (the October 8, 2007 order granting Jackson's motion to dismiss motion for enforcement) was signed after the district court's plenary jurisdiction expired. *Latty*, 907 S.W.2d at 486; TEX.R. CIV. P. 329b(d). Judicial action taken after the court's jurisdiction over a case has expired is a nullilty. *Id.* We, therefore, declare the district court's October 8, 2007 order void because it was signed after the court's plenary jurisdiction expired. *Id.* This leaves the final order in this case the February 12, 2007 order enforcing child support and medical support obligation.

We sustain the OAG's first issue. Having sustained this issue, we need not address the remainder of the OAG's issues. Accordingly, we declare the district court's October 8, 2007 order void and dismiss this appeal for lack of jurisdiction. *Latty*, 907 S.W.2d at 486.

---

**2.** The first hearing was held on March 1, 2007, the second on April 5, 2007 and the third on October 8, 2007.