COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| IN RE: JOSE SANDOVAL, | § | No. 08-11-00173-CV |
| Relator. | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION**

This original proceeding arises from a child custody dispute between a mother who lives in Texas and a father who lives in Washington. The trial court entered an order finding that Texas is the child's home state and compelling the child's return to Texas from Washington. Because the trial court lacked jurisdiction to enter this order, we will conditionally grant a writ of mandamus so that it may be vacated.

**BACKGROUND**

On September 9, 2010, the mother (Real Party) filed a suit affecting the parent-child relationship in El Paso County, Texas. Although she noted that a court in Franklin County, Washington, had asserted jurisdiction over the child and had scheduled a hearing for September 13, 2010, she contended that the Texas court had jurisdiction. On November 1, 2010, an associate judge found that the child did not have a home state, that Washington had "significant connection jurisdiction," and that Texas should decline to exercise jurisdiction. The associate judge therefore recommended that the Texas case be dismissed. On the same day, November 1, 2010, a district

judge adopted the associate judge's findings and signed an order of dismissal. Real Party filed an appeal of the associate judge's recommendation on November 4, 2010. On December 30, 2010, the district judge conducted a hearing on the appeal. On May 1, 2011, the district judge signed an "Order Regarding Home State of the Child." This order purported to withdraw the November 1, 2010 order of dismissal. The order declared Texas to be the child's home state, opined that Washington should decline jurisdiction, and required the child to be returned to Texas and to the Real Party's temporary custody.

The father (Relator) filed a motion to stay this order and a petition for writ of mandamus, contending that the trial court lacked jurisdiction to enter the order. Specifically, he argued that the trial court's plenary power expired before it entered the order and that the court erred in ruling that Texas could exercise jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). We granted the motion to stay and requested a response from the Real Party. In her response, Real Party "concedes that the trial court erred in vacating a judgment of dismissal six months after that judgment had been rendered, because its plenary jurisdiction to do so had expired . . . ." Real Party does not concede that the trial court committed any error under the UCCJEA and she requests that we not rule on the UCCJEA issue if we grant the petition for mandamus relief. In reply, Relator does not quarrel with Real Party's request that we abstain from ruling on the UCCJEA issue.

## DISCUSSION

A trial court has plenary power to vacate a judgment for thirty days after the judgment is signed. TEX. R. CIV. P. 329b(d). If a motion for new trial is timely filed, the court's plenary power is extended to thirty days after the motion is overruled. TEX. R. CIV. P. 329b(e). After the court's plenary power expires, the court cannot set aside a judgment except in a bill of review proceeding.

TEX. R. CIV. P. 329b(f).

Applying these rules here, as both parties now agree, the trial court's plenary power over the order of dismissal expired well before the court attempted to withdraw the order. Since no motion for new trial was filed, the court's plenary power expired on December 1, 2010--thirty days after the order of dismissal was signed. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485-86 (Tex. 1995); *In re C.N.*, 313 S.W.3d 490, 492 (Tex. App. – Dallas 2010, no pet.); *In re A.J.F.*, 313 S.W.3d 475, 478 (Tex. App. – Dallas 2010, no pet.).

Even if we treat Real Party's appeal of the associate judge's ruling as the equivalent of a motion for new trial, the court's plenary power expired before May 1, 2011. This is so because a motion for new trial is deemed overruled by operation of law unless the trial court makes a written ruling on it within seventy-five days after the judgment was signed. TEX. R. CIV. P. 329b(c). Since the trial court did not sign a written ruling on Real Party's appeal (construed as a motion for new trial) within seventy-five days, it would be deemed overruled by operation of law on or about January 15, 2011, and the trial court's plenary power would have expired thirty days later, on or about February 14, 2011.

## CONCLUSION

Mandamus is the appropriate remedy when a trial court enters an order after its plenary power expires. *See In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000). Therefore, we conditionally grant Relator's petition. The writ of mandamus will issue only if the trial court fails to vacate its May 1, 2011 "Order Regarding Home State of the Child."

GUADALUPE RIVERA, Justice

June 29, 2011

Before Chew, C.J., McClure, and Rivera, JJ.