

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00249-CV

**IN THE INTEREST OF M.A.H.T., J.H.T., J.R.T.H., J.I.T.V., B.Z.T.V.**, Minor Children

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2013-CVL-002007-D2
Honorable Monica Z. Notzon, Judge Presiding

PER CURIAM

Sitting:    Sandee Bryan Marion, Chief Justice
            Karen Angelini, Justice
            Jason Pulliam, Justice

Delivered and Filed:  June 17, 2015

APPEAL DISMISSED FOR WANT OF JURISDICTION

Appellant appeals the trial court's order terminating her parental rights to five children: M.A.H.T., J.H.T., J.R.T.H., J.I.T.V., and B.Z.T.V.  This court concludes this appeal is untimely, and therefore, must dismiss the appeal for want of jurisdiction.

Jurisdiction vests with an appellate court when a party perfects its appeal by timely filing a notice of appeal in compliance with Texas Rule of Appellate Procedure 26.1 or otherwise files an instrument in a bona fide attempt to invoke this court's jurisdiction.  *Stolte v. Cnty. of Guadalupe*, 139 S.W.3d 406, 409 (Tex. App.—San Antonio 2004, no pet.) (quoting V*erburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997) (construing the predecessor to Rule 26)).  Appeal from an order terminating parental rights is accelerated, making the notice of appeal due to be filed in the trial court within 20 days from the date the final judgment was signed.  TEX. R. APP. P. 26.1(b).

Further, in an accelerated appeal, the filing of a post-judgment motion will not operate to extend the appellate deadline. TEX. R. APP. P. 28.1(b); *In re K.A.F.*, 160 S.W.3d 923, 925-27 (Tex. 2005).

A late notice of appeal may be considered timely, so as to invoke appellate jurisdiction, if (1) the late notice of appeal is filed in the trial court within fifteen days after the 20-day deadline; (2) a motion for extension of time is filed in the court of appeals within fifteen days after the 20-day deadline; and (3) the court of appeals grants the motion for extension of time. *See Verburgt*, 959 S.W.2d at 617; *see also* TEX. R. APP. P. 26.3, 10.5(b). A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal in the trial court beyond the time allowed, but within the fifteen-day grace period for filing a motion for extension of time. *See Verburgt*, 959 S.W.2d at 617; *see also* TEX. R. APP. P. 26.3, 10.5(b)(1)(C). However, once the 15-day grace period for filing a motion for extension of time has passed, a party can no longer invoke the appellate court's jurisdiction. *Verburgt*, 959 S.W.2d at 617.

### PROCEDURAL FACTS

Review of the clerk's record submitted in this case reveals the trial court appointed an associate judge to adjudicate the case. In compliance with his assigned duties and absent objection from the parties, the associate judge held a hearing on January 27, 2015, to determine whether appellant's parental rights should be terminated. Although the transcript of the hearing has not been provided, a transcript of a subsequent hearing held on April 15, 2015, reveals appellant attended this termination hearing; however, her appointed attorney did not attend. The associate judge continued with the hearing in the absence of counsel, accepting evidence and argument. At the conclusion of the hearing, the associate judge gave a verbal indication of his finding that appellant's parental rights should be terminated due to failure to follow the Family Service Plan, pursuant to Family Code Section 161.001(1)(O). On that day, the associate judge also set a hearing on February 10, 2015, for entry of judgment and set a placement hearing on March 25, 2015.

Although a written report or order of termination had not yet been entered, based upon the associate judge's verbal announcement, on February 2, 2015, appellant filed a request for a de novo hearing before the referring trial court of "[a]ny judgement and/or findings entered into by the court on January 27, 2015".[1] The associate judge adjudicated the scheduled hearing for entry of judgment on February 10, 2015, and signed the Final Order of Termination on that date. The referring trial court judge approved and adopted this final order by signature on February 11, 2015. On March 9, 2015, the associate judge signed a First Amended Order of Termination, and, again, the referring trial court judge adopted this order by signature on March 16, 2015, prior to holding the de novo review hearing. At commencement of the placement hearing on March 25, 2015, the associate judge re-set that hearing for March 31, 2015, so appellant's attorney could attend. At this hearing, attorney for the Department of Family and Protective Services (the Department) learned, for the first time, of appellant's February 2nd filing of the request for de novo review of the associate judge's order of termination. Subsequently, on April 8, 2015, the Department filed a motion to set aside the request for de novo review. Finally, on April 15, 2015, 72 days after its filing, the referring trial court held a hearing on appellant's request for de novo review and the State's motion to set aside the request. Following argument from counsel, the trial court granted the State's motion, and thus, did not hold a de novo hearing. The trial court appointed appellate counsel on April 22, 2015. Appellate counsel filed the notice of appeal in the trial court on April 23, 2015.

In this accelerated appeal, it appears at first glance the referring trial court entered a final order by adopting the associate judge's first amended order of termination by signature on March 16, 2015. Therefore, the notice of appeal would have been due to be filed in the trial court within

---

[1] Appellant filed an identical copy of this notice again on February 6, 2015.

20 days, or on or before April 6, 2015. *See* TEX. R. APP. P. 26.1(b). Any motion for extension of time to file the notice of appeal would have been due on or before April 20, 2015. *See* TEX. R. APP. P. 26.3.

Because appellant's notice of appeal, filed in the trial court on April 23, 2015, was not filed within the fifteen-day grace period, or before April 20, 2015, this court issued a show cause order requiring appellant's counsel to present a reasonable explanation for failing to file the notice of appeal in a timely manner or to show cause why the notice of appeal was otherwise timely. Appellant's counsel responded, stating,

> On Friday, April 23, 2015, undersigned counsel realized that there was no notice of appeal filed appealing the district court's final judgment. Undersigned counsel immediately prepared and filed a notice of appeal to the Fourth Court of Appeals. Undersigned counsel contacted trial attorney for Appellant …. Trial attorney advised undersigned counsel that he believed the notice of appeal that he filed appealing the associate judge's report had extended the deadline to file a notice of appeal to the Fourth Court of Appeals from 30 days to 90 days.

This court finds no support or authority for appellant's assertion that the request for de novo review of the associate judge's proposed order of termination extended the appellate timeline from 30 days to 90 days, and appellant provides none. In fact, because this is an accelerated appeal, the time to file a notice of appeal is 20 days from the date of final judgment. Further, in an accelerated appeal, the filing of a post-judgment motion does not extend the date to file a notice of appeal from 30 days to 90 days as in a regular appeal, and as alluded by trial counsel. *In re K.A.F.*, 160 S.W.3d at 924-25.

Section 201.015 of the Texas Family Code gives a party the right to request a de novo hearing before the referring court by filing with the clerk of the referring court a written request. TEX. FAM. CODE ANN. § 201.015(a) (West 2014). Upon such request, the referring court must hold a hearing within thirty days. *See id.* at § 201.015(f); *see also Fountain v. Knebel*, 45 S.W.3d 736, 739 (Tex. App.—Dallas 2001, no pet.). The purpose of Section 201.015(f) is to require the

prompt resolution of appeals from an associate judge's ruling. *Fountain*, 45 S.W.3d at 739; *Harrell v. Harrell*, 986 S.W.2d 629, 631 (Tex. App.—El Paso 1998, no pet.).

In contravention to the purpose of Section 201.015(f), the record before this court demonstrates the associate judge signed the First Amended Order of Termination on March 9, 2015, and the referring trial court judge adopted this amended order by signature on March 16, 2015. The referring trial court then failed to hold the required de novo hearing until well after the 30-day deadline and well after expiration of appellant's deadline to file any appeal.

A judgment is void where it appears the trial court did not have capacity to act as a court or jurisdiction to render the particular judgment at issue. *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (per curiam). However, in a factually similar case, the Texas Supreme Court held the referring trial court's adoption, though premature, is still an appealable final judgment, and therefore, is merely voidable, not void. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485-86 (Tex. 1995) (per curiam). In *Latty v. Owens*, the court reasoned the failure to hold a de novo hearing prior to adopting or rejecting the associate judge's proposed order is a mere failure to follow proper procedure, and is not an act outside the trial court's jurisdiction or capacity to act. *Latty*, 907 S.W.2d at 485. The failure to follow proper procedure will not render the judgment void, but merely voidable. *Latty*, 907 S.W.2d at 485; *In re A.J.F.*, 313 S.W.3d 475, 477-78 (Tex. App.—Dallas 2010, no pet.). In such an event, any error does not pertain to jurisdiction and must be attacked within the prescribed time limits. *Latty*, 907 S.W.2d at 485; *In re A.J.F.*, 313 S.W.3d at 477-78.

Thus, as in *Latty* and *A.J.F.*, the referring trial court's adoption of the associate judge's First Amended Order of Termination, which disposed of all issues and all parties, was a final appealable order. *See Latty*, 907 S.W.2d at 485; *In re A.J.F.*, 313 S.W.3d at 477-78. When appellant did not timely appeal from the referring trial court's adoption of the First Amended Order

of Termination, it became final.  Appellant did not file a motion to extend the trial court's plenary power, petition the district court to vacate the order adopting the associate judge's report, timely appeal or file a bill of review.  Consequently, the referring trial court's plenary power expired 30 days later, or on April 21, 2015.  *See Latty*, 907 S.W.2d at 486; *In re A.J.F.*, 313 S.W.3d at 477-78.

The circumstances of this proceeding present a compelling case for permitting appellant to pursue an out-of-time appeal of the referring court's adoption of the associate judge's proposed order of termination.  *See In re W.J.B.*, 2004 WL 1174875, at *2 (Tex. App.—Eastland 2004, no pet.) (unpublished).  However, while this court may liberally construe the rules of appellate procedure to protect a party's right to appeal, we may not enlarge the time for perfecting appeals. *See Verburgt*, 959 S.W.2d at 616-17.  Although delayed by the trial court's failure to follow proper procedure, appellant's notice of appeal was filed well beyond the 20-day deadline and the further 15-day grace period for seeking an extension of time for filing a notice of appeal.  We have not found an instance in which the Texas Supreme Court has allowed an out-of-time appeal in an exceptional case of a parental-rights termination case.  Accordingly, we are constrained and have no discretion but to dismiss appellant's appeal for lack of jurisdiction.

It is therefore ORDERED this appeal be dismissed for lack of jurisdiction.

PER CURIAM