

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00146-CV

**IN THE INTEREST OF L.D.L.H.** and C.A.L., Children

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-PA-02179
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Marialyn Barnard, Justice
                Jason Pulliam, Justice

Delivered and Filed:  October 28, 2015

AFFIRMED

This is an accelerated appeal from a trial court's order terminating appellant father's parental rights to his children, L.D.L.H. and C.A.L.[1]  In two issues, appellant father ("Father") argues: (1) he was deprived of effective assistance of counsel because his appointed attorney failed to request a continuance, and (2) the termination order is void because the trial court "nonsuited" a portion of the case.  We affirm the trial court's judgment.

---

[1] The trial court also terminated the mother's parental rights, as well as the rights of two other fathers.  However, neither the mother nor the other fathers appealed the order of termination.

**BACKGROUND**

The factual circumstances justifying the trial court's termination of Father's parental rights are unnecessary to the disposition of this appeal. Accordingly, we provide a brief rendition of the procedural facts for context.

In 2010, after receiving reports of neglect, the Texas Department of Family and Protective Services ("the Department") conducted an investigation and thereafter filed a petition against the parents of six children. In its petition, the Department sought termination in the event reunification was not possible. The trial court rendered a temporary order, appointing the Department as temporary managing conservator of the children, and the children were placed in foster care.

The trial court then appointed an attorney and guardian ad litem for the children as well as an attorney to represent Father. The Department created a service plan for Father, which set out the tasks Father needed to have completed to avoid termination and regain custody of his two children. Thereafter, the trial court held the statutorily required permanency hearings and eventually rendered an order, based on a mediated settlement agreement, whereby the Department would be named permanent managing conservator of the children and Father would be named possessory conservator of L.D.L.H. and C.A.L. *See* TEX. FAM. CODE ANN. § 263.404 (West 2014) (permitting trial court to render order appointing Department as managing conservator without terminating rights of parent if certain conditions exist). The agreement also indicated no parental rights would be terminated at that time; however, the Department and the children's attorney and guardian ad litem reserved their grounds for termination. *See id.* Over the next two years, additional permanency hearings took place, none of which were attended by Father because he was incarcerated. During this time, all of the children remained in foster care.

For reasons unclear from the record before us, the Department filed what is styled as a motion to dismiss, asking the trial court to release the Department as managing conservator as to

five of the children, including C.A.L. and L.D.L.H.[2]  There is no certificate of service attached to the motion, and therefore, it appears neither the attorneys for the parents nor the attorney for remaining children were served with a copy of the motion.  Nevertheless, the trial court rendered an order granting the motion, thereby releasing the Department from its appointment as managing conservator of C.A.L., L.D.L.H., and the other three children.  The trial court did not name a substitute managing conservator.

Despite the order, the parties, including the Department, continued to act as though the children were still under the managing conservatorship of the Department and under the continuing jurisdiction of the trial court.  In March 2014, the attorney and guardian ad litem for the children filed a petition to modify the parent-child relationship, seeking, among other things, termination of Father's parental rights as to L.D.L.H. and C.A.L.  Likewise, the Department filed a petition to modify the parent-child relationship, also seeking termination of Father's parental rights.  Thereafter, the children's ad litem discovered the order dismissing the suit and filed a motion to set aside the order, stating she did not agree to the dismissal, did not sign the order, and was not notified of its entry until several months later.  The trial court granted the motion.

Ultimately, the matter proceeded to a one-day bench trial.  Although Father was absent, Father's appointed attorney appeared on his behalf.  At the outset, the trial court noted the case had a troubled procedural history; however, the factual circumstances regarding the case were consistent.  The court then heard testimony from the Department case worker.  At the conclusion of the trial, the trial court ordered Father's parental rights terminated.  Father then perfected this appeal.

---

[2] Only five of the six children are name in the motion because the sixth child was no longer part of the litigation.  The mother of the sixth child voluntarily relinquished her parental rights; the father of the sixth child passed away.  A separate order was rendered by the trial court dealing with custody of the sixth child.

## ANALYSIS

Father raises two issues challenging the trial court's order terminating his parental rights to his children, L.D.L.H. and C.A.L. In his first issue, Father argues he was deprived of effective assistance of counsel because his trial counsel did not request a continuance so that Father could attend the hearing. In his second issue, Father contends the final termination order is void because the trial court "nonsuited" a portion of the case. Because Father's second issue raises jurisdictional concerns, we will address it first.

### *Jurisdiction*

### *Standard of Review*

Questions regarding jurisdiction are legal questions, and we apply a de novo standard when reviewing such questions. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). We do not presume jurisdiction, and if the record does not affirmatively demonstrate the appellate court's jurisdiction, the appeal must be dismissed. *El Kareh v. Texas Alcoholic Beverage Comm'n*, 874 S.W.2d 192, 194 (Tex. App.—Houston [14th Dist.] 1994, no writ).

### *Application*

In this case, Father argues with respect to his parental rights as to C.A.L., the termination order is void because the trial court "nonsuited" a portion of the case by granting the Department's motion to dismiss.[3] Father argues because neither a motion to reinstate nor a motion for new trial was timely filed by the Department, the trial court lost plenary power to reinstate the case and order the subsequent termination. In response, the Department argues the trial court did not "nonsuit" a portion of the case because neither its motion nor the trial court's order purported to nonsuit or dismiss the original petition.

---

[3] In his brief, Father states the motion to dismiss and respective order include only one of the children involved in this appeal – C.A.L. However, after reviewing the record, we find the motion and order include both C.A.L. and L.D.L.H.

"A judgment is void only when it is clear that the court rendering the judgment had no jurisdiction over the parties or subject matter, no jurisdiction to render judgment, or no capacity to act as a court." *Latty v. Owens*, 907 S.W.2d 484, 485 (Tex. 1995); *In re A.J.F.*, 313 S.W.3d 475, 478 (Tex. App.—Dallas 2010, no pet.). Here, after the trial court rendered an order appointing the Department permanent managing conservator of L.D.L.H. and C.A.L, the Department filed a motion titled a "Motion for Dismissal as to Child." As stated above, in the motion, the Department only asked the trial court to remove it as managing conservator of the children. The trial court granted the motion and "released" the Department from its role as managing conservator. Although Father contends the trial court's granting of the motion "nonsuited" — i.e., dismissed — a portion of the case, we find his argument is based on a faulty premise.

Despite the title of the motion — "Motion for Dismissal as to Child" — and the order — "Order for Dismissal" — neither the motion nor the order sought to dismiss the matter. *See* TEX. R. CIV. P. 71 (stating titles of court documents are not controlling and we must look to substance of pleadings and proceedings to determine what actually occurred); *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011) (citing Rule 71). Here, the motion merely sought, and the order merely granted, the release of the Department as managing conservator of the children, including L.D.L.H. and C.A.L. The order did not dismiss the Department's original suit. Thus, we agree with the Department that the order neither "nonsuited" nor dismissed any portion of the proceeding.

Moreover, Father's argument regarding the Department's failure to timely file a motion to reinstate the case or motion for new trial is misplaced. As Father points out in his brief, a motion to reinstate must be filed within thirty days after dismissal for want of prosecution, *see* TEX. R. CIV. P. 165a(3); *McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (per curiam), and a motion for new trial must be filed within thirty days after the judgment or other order complained of is

signed. *See* TEX. R. CIV. P. 329b(a). Here, neither motion was necessary. As noted above, there was no dismissal of the suit, which might have prompted a motion to reinstate or motion for new trial, and there was no termination at that time. In the mediated settlement agreement, the children's attorney and the Department reserved their right to seek termination should the circumstances subsequently mandate such relief. Both exercised their reserved right to seek termination by filing a petition to modify the parent-child relationship, again seeking termination of Father's parental rights as to L.D.L.H. and C.A.L. *See* TEX. FAM. CODE. ANN. § 156.101(a); *In re W.C.B.*, 337 S.W.3d 510, 513-14 (Tex. App.—Dallas 2011, no pet.).

Only after hearing evidence on the petitions, did the trial court render an order terminating Father's parental rights. Because the suit was never dismissed, and the children's ad litem and the Department filed petitions to modify the parent-child relationship seeking termination, we hold the trial court had jurisdiction to render a termination order. Accordingly, Father's second issue, regarding the trial court's power to render the termination order, is overruled.

### *Ineffective Assistance of Counsel*

As stated above, Father also contends he was denied effective assistance of counsel because his trial counsel failed to request a continuance prior to the bench trial. According to Father, his presence at trial was necessary, and because he was incarcerated, he was unable to attend the bench trial. Father argues that his trial counsel should have requested a continuance so that arrangements could be made for Father to attend the trial.

### *Standard of Review*

"In Texas, there is a statutory right to counsel for indigent persons in parental-rights termination cases." *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003); *see* TEX. FAM. CODE ANN. § 107.013(a)(1); *In Interest of J.M.O.*, 459 S.W.3d 90, 93 (Tex. App.—San Antonio, 2015, no pet.). The Texas Supreme Court has concluded this right to counsel means a right to effective

counsel.  *M.S.*, 115 S.W.3d at 545; *J.M.O.*, 459 S.W.3d at 93.  The supreme court has also concluded the standard of review to be applied in parental-rights termination proceedings should be the two-prong standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), which is used to review such claims in criminal cases.  *M.S.*, 115 S.W.3d at 545; *J.M.O.*, 459 S.W.3d at 93.

Under the *Strickland* standard, an appellant must show by a preponderance of the evidence that: (1) trial counsel's performance was deficient, i.e., it fell below the objective standard of prevailing professional norms; and (2) there is a reasonable probability that, but for trial counsel's deficient performance, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 687; *M.S.*, 115 S.W.3d at 545; *J.M.O.*, 459 S.W.3d at 93.  In other words, an appellant must show that trial counsel's deficient performance was "so serious as to deprive the defendant of a fair trial."  *Strickland*, 466 U.S. at 687; *M.S.*, 115 S.W.3d at 545; *J.M.O.*, 459 S.W.3d at 93.  An appellant must successfully show both prongs of the *Strickland* inquiry to establish an ineffective assistance of counsel claim.  *M.S.*, 115 S.W.3d at 545.

To determine whether trial counsel's performance is deficient, we take into account all of the circumstances surrounding the case, focusing on whether trial counsel performed in a "reasonably effective" manner.  *Id.*  We give deference to trial counsel's actions, indulging "'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' including the possibility that trial counsel's actions are strategic."  *Id.* (quoting *Strickland*, 466 U.S. at 689).  Challenged conduct will constitute ineffective assistance only if the conduct was so outrageous that a competent attorney would not have engaged in it.  *Id.*

In addition to showing trial counsel's performance was deficient, an appellant must also show trial counsel's deficient performance prejudiced his defense.  *Strickland*, 466 U.S. at 687; *M.S.*, 115 S.W.3d at 545; *J.M.O.*, 459 S.W.3d at 93.  "[T]o show prejudice, an appellant must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the

proceeding would have been different." *J.M.O.*, 459 S.W.3d at 94. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Id.* A presumption of prejudice may be warranted, however, if an indigent parent is denied counsel at a critical stage of litigation. *Id.* (citing *United States v. Cronic*, 466 U.S. 648, 659 (1984)). Keeping the *Strickland* guidelines in mind, we now turn to Father's ineffective assistance complaint.

*Application*

Here, the record reflects Father's trial attorney informed the trial court that Father was incarcerated. However, the record is silent as to any explanation for trial counsel's failure to request a continuance to ensure the presence of Father, either in person or telephonically, at the trial. When the record is silent regarding trial counsel's reasons for his actions, we may not speculate to determine whether trial counsel is ineffective. *See Walker v. Tex. Dep't of Family & Protective Servs.*, 312 S.W.3d 608, 623 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Instead, as indicated above, we give deference to trial counsel's actions and indulge in a strong presumption that his actions fall within a range of reasonable assistance. *See M.S.*, 115 S.W.3d at 545. In this case, trial counsel may have made a strategic decision not to request a continuance to secure Father's presence at the hearing because he did not want Father to be called to testify. Accordingly, based on the record before us, we conclude Father failed to show how his trial counsel's failure to request a continuance constituted a deficiency. *Id.*

Additionally, Father fails to satisfy the second prong of the *Strickland* test – that trial counsel's deficient performance prejudiced his defense. *See Strickland*, 466 U.S. at 687; *M.S.*, 115 S.W.3d at 544; *J.M.O.*, 459 S.W.3d at 93. Nowhere in his brief does Father explain how trial counsel's failure to request a continuance — so that he could be present — affected the outcome of the proceeding. *J.M.O.*, 459 S.W.3d at 94. Father does not establish the substance of any testimony he might have given, or how such testimony would have affected the trial court's

decision. Rather, Father conclusively states a presumption of prejudice is warranted in his case because his trial counsel's inaction was so egregious that it rendered the results unreliable and raises due process concerns. *See Cronic*, 466 U.S. at 648. However, a presumption of prejudice may be warranted only if a parent is denied counsel at a critical stage of litigation. *See id.* Here, unlike cases which warranted a presumption of prejudice, Father was represented by trial counsel at the trial. *See J.M.O.*, 459 S.W.3d at 94 (applying *Cronic* presumption of prejudice when trial counsel failed to appear for trial because he was in different courtroom when trial began); *Lockwood v. Tex. Dep't of Family & Protective Servs.*, No. 03–12–00062–CV, 2012 WL 2383781 (Tex. App—Austin June 26, 2012, no pet.) (explaining *Cronic* presumption of prejudice applied because parent's attorney did not appear at trial). We decline to apply a presumption of prejudice in this case as trial counsel was present at trial and advocated on Father's behalf.

Accordingly, we hold trial counsel's failure to request a continuance so that Father could attend the hearing did not constitute ineffective assistance. We overrule Father's first issue.

## CONCLUSION

Based on the foregoing, we overrule Father's issues. We affirm the trial court's order terminating Father's parental rights.

Marialyn Barnard, Justice