# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00155-CV

---

### In re Texas Department of Family and Protective Services

---

### ORIGINAL PROCEEDING FROM HAYS COUNTY
### NO. 19-0314, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

D.B.C.'s (Father) parental rights were terminated following a bench trial in August 2019. Over three years later, on February 17, 2023, the district court[1] issued an order granting Father a new trial based on his failure to adequately prepare for the first trial.

The Department of Family and Protective Services (the Department) seeks a determination from this Court that the trial court's order of February 17, 2023 granting Father a new trial is void because the trial court's plenary power expired thirty days after the original order of termination was signed and therefore the trial court lacked jurisdiction to enter it. For the following reasons, we agree with the Department that the order is void and conditionally grant mandamus relief.

---

[1] "District court" is synonymous with "referring court" for purposes of this memorandum opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

The Department initiated a parental rights termination suit against D.B.C. (Father) and A.C. (Mother) on or about February 11, 2019.  Neither party objected to trial in front of an associate judge.  After a bench trial in front of the associate judge, both Mother and Father's parental rights were terminated pursuant to Sections 161.001(b)(1)(D), (E) and (P) of the Texas Family Code, along with a finding that termination was in the best interest of the child.  *See* Tex. Fam. Code § 161.001(b)(1)(D), (E) and (P), (2).  The order of termination was formalized in writing by the associate judge on August 30, 2019.  The same day, after Mother and Father timely filed their requests for de novo hearing, the court issued a setting of October 14, 2019, for the de novo hearing for both parents to take place.  On September 6, 2019, before the de novo hearing could take place, the district court judge adopted the associate judge's August 30, 2019, order of termination. [2]

After the district court signed the order, Father did not file a motion for new trial or a motion to modify, correct, or reform the judgment.  Father did not file a bill of review.  Father did, however, file a motion for jury trial and motion for continuance, seeking to extend the date for the de novo hearing.  The court denied the request for jury trial but granted the motion for continuance for the de novo hearing.  The de novo hearing for both parents was eventually held in front of the district court approximately two years later on September 8, 2021, where both parties presented witness testimony and evidence.[3]  After the hearing, the district court did not

---

[2] The parties do not dispute that Father timely received notice of the September 6, 2019 order; in fact, his attorney's signature is included on the last page of the termination order, along with the other parties who approved the order as to form.

[3] The record is not clear as to why the de novo hearing was delayed until approximately two years after the original order of termination was signed by the associate judge on August 30, 2019.

immediately issue a written ruling as to whether the associate judge's original order of termination would be affirmed or rejected. The case then lingered for over a year while the parties sought a ruling from the September 8, 2021 de novo hearing. The Department filed a motion to dismiss for want of jurisdiction, and a hearing was held on December 7, 2022. The district court did not issue either an oral or written ruling regarding the associate judge's order of termination following the hearing. In response, the Department filed a motion to enter the order of judgment, and a hearing was held on January 18, 2023. The same day, the district court issued an order affirming the termination of Mother's parental rights. One month later, on February 17, 2023, the district court issued a sua sponte order granting Father a new trial. The district court found that Father was entitled to a new trial because he did not have sufficient time to prepare for the original termination trial. The Department then filed this action.

## DISCUSSION

Although the Department seeks to appeal the trial court's rulings made after the trial court's plenary power allegedly expired, the usual method for this type of challenge is through a petition for writ of mandamus. *See In re Southwest Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *see also In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *see also In re Columbia Med. Ctr. Of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 200 (Tex. 2009) (orig. proceeding) (reaffirming that order granting new trial is not reviewable on direct appeal, while allowing mandamus review of order granting new trial under certain circumstances). Accordingly, we will construe the Department's appeal as a request for mandamus relief. *See CMH Homes v. Perez*, 340 S.W.3d 444, 454 (Tex. 2011) (holding that the appellate court should not have dismissed an interlocutory appeal for want of jurisdiction and

3

instead should have construed the appeal as petition for writ of mandamus). Having construed the Department's filing as a petition for writ of mandamus, we now determine whether mandamus relief is warranted.

Mandamus relief is available only if the court clearly abused its discretion and the party has no adequate remedy by appeal. *See In re Southwest Bell Tel. Co.*, 35 S.W.3d at 605 (citing *In re Long,* 984 S.W.2d 623, 625 (Tex. 1999)). Mandamus is proper if a trial court issues an order beyond its jurisdiction. *See In re Dickason,* 987 S.W.2d 570, 571 (Tex. 1998); *see also Board of Disciplinary Appeals v. McFall,* 888 S.W.2d 471, 472 (Tex. 1994). If an order is issued beyond the trial court's jurisdiction, the order is void. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex. 1995). A trial court's issuing a void order is an abuse of discretion, and relator need not show it did not have an adequate appellate remedy in that circumstance. *See In re Southwest Bell Tel. Co.*, 35 S.W.3d at 605 (explaining that a void order is an abuse of discretion, and mandamus is a proper remedy regardless of whether the relator may obtain relief through an appeal).

We note that the Department specifically seeks a declaration from this Court that "any order from the trial court signed after October 6, 2019, that purports to modify, vacate, correct[,] or reform the order signed by the district judge on September 6, 2019, to be void." Although the reasoning of this opinion might support that request, the core of the dispute at issue here is whether the trial court abused its discretion by ordering and scheduling an impending new trial. For that reason, we limit our analysis to whether the February 17, 2023 order granting Father the new trial is void.

In seeking its requested relief, the Department argues that the associate judge's order of termination issued on August 30, 2019, became a final, appealable order on September 6,

4

2019, when the district court judge signed it. It argues that the trial court's plenary power to modify, vacate, correct, or reform the order ended thirty days later on October 6, 2019. *See* Tex. R. Civ. P. 329b. Because the February 17, 2023 order granting Father a new trial was issued far outside this thirty-day window, the Department argues, the district court had no jurisdiction to enter it and the order is void. *See In re Office of the Attorney General of Texas*, 264 S.W.3d 800, 809 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (holding that "orders entered outside a trial court's plenary power are void.").

Trial courts enjoy plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment for thirty days after a judgment is entered. *See* Tex. R. Civ. P. 329b. Only a few procedural vehicles—including a motion for new trial or a motion to modify, correct, or reform the judgment—can extend the court's plenary power past the thirty-day window up to an additional seventy-five days. [4] *See id.* R. 329b(c)-(e). If an order or judgment is entered after the court loses plenary power, the order or judgment is void. *See id.* R. 329b(f); *see also Latty*, 907 S.W.2d at 485. Rule 329b(f) states:

> On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law; provided that the court may at any time correct a clerical error in the record of a judgment and render judgment nunc pro tunc under Rule 316, and may also sign an order declaring a previous judgment or order to be void because signed after the court's plenary power had expired.

---

[4] However, even if a qualifying motion were to be filed, the court's plenary power would not be indefinite – the trial court's jurisdiction over its judgment cannot exceed 105 days. *See Lane Bank Equipment Co. v. Smith Southern Equipment Co., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000) (explaining that the filing of a motion for new trial or a motion to modify, correct or reform the judgment within the initial thirty-day period extends the trial court's jurisdiction over its judgment *up to* an additional seventy-five days) (emphasis added); *see also* Rule 329b(c) ("In the event an original or amended motion for new trial or a motion to modify, correct or reform the judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period.").

Tex. R. Civ. P. 329b(f).

Here, there is no dispute that if the September 6, 2019 order terminating Father's parental rights constitutes a final judgment, as the Department contends, then under Rule 329b, the district court's plenary power expired on October 6, 2019. Therefore, whether the district court's February 17, 2023 new trial order is void turns on whether the district court's September 6, 2019 termination order operated as a final and appealable judgment, despite the parents' pending, timely requests for de novo hearing.

If a party timely requests a de novo hearing, the trial court must hold a hearing within thirty days. *See* Tex. Fam. Code § 201.015(f) ("The referring court, after notice to the parties, shall hold a de novo hearing not later than the 30th day after the date on which the initial request for de novo hearing was filed with the clerk of the referring court."); *see also Fountain v. Knebel*, 45 S.W.3d. 736, 739 (Tex. App.—Dallas, 2011, no pet.). The purpose of this deadline is so the parties may obtain prompt resolution of appeals from an associate judge's ruling. *See Harrell v. Harrell*, 986 S.W.2d. 629, 631 (Tex. App—El Paso, 1998, no pet.).

The procedural history of this case mirrors that of *Latty*. In *Latty*, the father (Owens) appealed the associate judge's order determining he was the father of the child in question and requiring him to pay $135 per month in child support. 907 S.W.2d at 485. Owens timely appealed the associate judge's recommendations to the district court, triggering his right to a de novo hearing by that court. *Id.* Before the de novo hearing could happen, however, the district court judge signed an order adopting the associate judge's report "as the orders of this Court." *Id.* Eleven days later, the district court commenced the de novo hearing, which was not completed until about a month later due to ongoing discovery disputes. *Id.* When the hearing finally concluded approximately 135 days after signing the order adopting the associate judge's report,

6

the district court issued another order concluding that Owens was *not* the biological father of the child in question, and accordingly did not owe any child support. *Id.* The State appealed this second order. *Id.* The Texas Supreme Court held that "[a]lthough the district court should have held a hearing on Owens' [request for de novo hearing] before signing an order adopting the [associate judge's] report, its failure to do so did not deprive it of jurisdiction to issue the order or make the order void." *Id.* It further held that the failure to hold a de novo hearing prior to adopting the associate judge's order was a mere "procedural defect" and did not deprive the court of jurisdiction to act. *Id.*; *see also In re A.J.F.*, 313 S.W.3d 475, 478 (Tex. App.—Dallas May 13, 2010, no pet.).

Here, although Father expected to have a de novo hearing set in a timely manner before the district court judge signed the final order, the pending request for de novo hearing did not deprive the district court of its inherent power to act. *See Latty*, 907 S.W.2d at 485. After the district court judge signed the order on September 6, 2019, it was final and appealable, and no actions were taken that would have extended the trial court's plenary power past the original thirty days. *See* Tex. R. Civ. P. 329b. As a result, the trial court's plenary power expired on October 6, 2019. *See id.* 329b(a)-(b), (d)-(e). The district court therefore did not have jurisdiction to enter the February 17, 2023 order. *See In re A.J.F.*, 313 S.W.3d 475 at 478 (stating that judicial action taken after the court's jurisdiction over a case has expired is a nullity). Accordingly, the court's February 17, 2023 order granting Father a new trial—signed over three years after the court's plenary power expired—is void, and the trial court abused its discretion by issuing that order.

**CONCLUSION**

Because the trial court abused its discretion by issuing an order granting Father a new trial after its plenary power expired, mandamus relief is warranted. Accordingly, we conditionally grant the Department's petition for writ of mandamus and direct the trial court to vacate the February 17, 2023 order. *See* Tex. R. App. 52.8(c). The writ will issue only if the trial court fails to comply.

_____

Edward Smith, Justice

Before Justices Baker, Kelly, and Smith

Filed:  July 14, 2023