Fourth Court of Appeals
San Antonio, Texas



## MEMORANDUM OPINION

No. 04-15-00004-CV

**IN THE INTEREST OF A.A.** and A.A.I.

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2014-PA-00255
Honorable Charles E. Montemayor, Associate Judge Presiding

Opinion by:     Karen Angelini, Justice
Concurring Opinion by:  Rebeca C. Martinez, Justice

Sitting:        Karen Angelini, Justice
                Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  July 1, 2015

REVERSED AND REMANDED

Appellant Blas A. appeals the trial court's order terminating his parental rights to his

children A.A. and A.A.I.[1] On appeal, he argues that he was denied effective assistance of counsel

when his appointed counsel failed to appear at critical stages of the proceedings. The State

concedes he was denied effective assistance. We reverse and remand.

### BACKGROUND

On February 3, 2014, A.A. and A.A.I. were removed from their mother's care pursuant to

section 262.104 of the Texas Family Code. At the time of the children's removal, Blas A. was

incarcerated. On February 4, 2014, the Department of Family and Protective Services filed a

---

[1]To protect the privacy of the parties in this case, we identify the children by their initials and the parents by their first names only. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014).

petition to terminate the mother's and Blas A.'s parental rights to A.A. and A.A.I. The trial court appointed counsel to represent Blas A.

The clerk's record reflects that on February 13, 2014, the trial court held a full adversary hearing pursuant to section 262.201. The trial court's Temporary Order Following Adversary Hearing reflects that appointed counsel appeared on behalf of Blas A. The "Judge's Notes" in the clerk's record reflect that Blas A., who was still incarcerated, appeared by phone.

After this chapter 262.201 hearing, the clerk's record reflects that the trial court held a status hearing on April 1, 2014. The trial court's Status Hearing Order states that Blas A. "appeared through attorney of record Suzanne Raiford." In its order, the trial court found that Blas A. signed a family service plan.[2] At the end of the order is a place for the attorneys in the case to "Approve as to Form." While the other attorneys all signed, indicating that they approved the form of the order, the line for Suzanne Raiford is blank.

On August 12, 2014, the trial court held a permanency hearing. The trial court's Permanency Hearing Order states that Blas A. "appeared through attorney of record Suzanne Raiford and announced ready." As the previous hearing, the place for Suzanne Raiford to sign indicating that she approved the form of the order is blank.

On December 4, 2014, trial proceeded. The trial court's Order of Termination reflects that Blas A. "appeared by attorney of record Suzanne Raiford and announced ready." However, at the end of the order, where Suzanne Raiford would sign indicating that she approved the order as to form, someone handwrote the words "did not appear." The reporter's record of the trial, which is a mere seventeen pages long, confirms that Suzanne Raiford did not appear at trial.

---

[2]A family service plan signed by Blas A. on April 18, 2014 is contained in the clerk's record.

After the trial court signed an order terminating Blas A.'s parental rights, he filed a pro se notice of appeal.

## DISCUSSION

Blas A. argues that he was denied effective assistance of counsel because his appointed counsel failed to appear at status hearings and failed to appear at trial. He argues that his counsel wholly failed to appear and advocate for him, a non-offending father who played no role in his children coming into the State's care. He emphasizes that although the State's Status Report to the Court indicates that the State and the parties knew which Texas Department of Corrections facility he was being held in, his appointed counsel made no efforts to secure his participation at either the status hearings, the permanency hearing, or the trial. The State agrees that after the chapter 262 hearing on February 13, 2014, Blas A.'s appointed counsel did not appear at any of the subsequent hearings or at trial. The State also agrees that appointed counsel did not arrange for Blas A.'s participation in the hearings or at trial.

In Texas, indigent parents have a statutory right to effective counsel in parental termination cases. TEX. FAM. CODE ANN. § 107.013 (West 2014); *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). This statutory right to counsel embodies the right to effective counsel. *In re M.S.*, 115 S.W.3d at 544 ("[I]t would seem a useless gesture on the one hand to recognize the importance of counsel in termination proceedings, as evidenced by the statutory right to appointed counsel, and, on the other hand, not require that counsel perform effectively."). In determining whether counsel is effective, we look to the standard enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Applying that standard to parental termination cases, an appellant must show that appointed counsel's performance was deficient and that the deficient performance prejudiced his case. *In re J.M.O.*, 459 S.W.3d 90, 93 (Tex. App.—San Antonio 2014, no pet.) (applying

*Strickland* standard). "This requires showing that counsel's errors were so serious as to deprive the [parent] of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.

Recently, this court held that a parent in a parental-termination case was denied effective assistance of counsel when his appointed counsel failed to appear at trial. *See In re J.M.O.*, 459 S.W.3d at 94. We explained that under the first prong of the *Strickland* standard, there can be no plausible strategic reason for trial counsel to fail to appear at trial, a critical stage of litigation, and subject the Department's case to appropriate adversarial testing. *Id.* And, we concluded that under the second *Strickland* prong, there need not be a specific showing of prejudice because when appointed counsel wholly fails to appear at trial, the adversary process itself is presumptively unreliable. *Id.*

We likewise conclude in this case that Blas A. was denied effective assistance of counsel.[3] The trial court's order of termination is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Karen Angelini, Justice

---

[3] In its brief, the State has agreed that Blas A. was denied effective assistance of counsel.