

# Fourth Court of Appeals
## San Antonio, Texas

### CONCURRING OPINION

No. 04-18-00168-CV

**IN THE INTEREST OF J.A.B.**, a Child

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-PA-02092
Honorable Martha Tanner, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice
Concurring Opinion by: Rebeca C. Martinez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  August 15, 2018

I concur with the majority's decision to reverse the trial court's judgment and remand the case for a new trial but write separately to emphasize the egregiousness of counsel's conduct in abandoning his client during trial. In this case, counsel appeared, announced "not ready," then left after the first witness began to testify. Counsel told the court he was leaving to take care of "an actual client." He returned after the Department had already rested, closing remarks had begun, and the trial court granted him leave to ask a few questions of the State's sole witness before announcing its ruling.

Counsel was for all purposes absent from the trial and left his client without representation. By his actions, counsel did not acknowledge the absent father as a client worth his time or attention, essentially inviting the Department's case to proceed against his client without representation. Counsel's conduct—abandoning his client during the trial—amounts to conduct so outrageous that

no competent attorney would engage in it.  There can be no plausible strategic reason not to be present for the entire trial.  A counsel who is wholly absent from every stage of trial except announcements is effectively and wholly "absent."

Not requiring the actual presence of counsel during critical stages of trial effectively makes the appointment of counsel a useless gesture.  Here, counsel made no more than a simple appearance of "not ready" and left his client without an advocate during the entire trial, which deprived the indigent parent of his right "to subject the Department's case to appropriate adversarial testing." *See In re J.M.O.*, 459 S.W.3d 90, 94 (Tex. App.—San Antonio 2014, no pet.).  There is no absolution nor strategic reason for counsel's absence after his "not ready" announcement.  Nor should we view counsel's last-minute questions (permitted by the trial court in its discretion after closing remarks had begun) as having actually participated in the case.  A presumption of prejudice is warranted here.  The presumption of prejudice arises not from the evidence subsequently presented against the parent (which, as a consequence of an empty chair, would always be uncontroverted).  The presumption of prejudice is warranted because counsel wholly failed to appear and participate in the adversarial process.  A silent attorney may arguably be strategic, but an absent one is presumptively prejudicial to the indigent father's right to effective counsel.

Ultimately, to reconcile this complete abandonment by counsel during trial would reduce the obligation of an attorney to merely "show up, announce, and leave."  An announcement is not participation.  Simply achieving the trial court's permission to ask a few questions after the close of the State's case is not fulfillment of an attorney's obligation to provide a parent's right to effective assistance of counsel.  It is uncontroverted that counsel was not in the courtroom for the Department's case against this father.  A silent attorney, even a sleeping one sadly, may hurdle an

ineffective assistance of counsel complaint under *Strickland*'s second prong.  However, the minimum standards of competent and ethical conduct for counsel appointed to represent indigent individuals do not permit an attorney to leave his client with an empty seat.

Most court-appointed lawyers are solo practitioners who fight hard for their clients and are extremely qualified and knowledgeable about the courts they assist in providing quality representation for children, indigent parents, and criminal defendants.  This example of inexcusable attorney conduct supports the myth that a court-appointed lawyer will not work on their client's case and will sell their client short.  The trial courts in this state address serious issues for the families that come before them, and when counsel is asked to represent an indigent or absent party, he or she must recognize their obligation to provide quality representation to those they are asked to serve.

Rebeca C. Martinez, Justice