

# Fourth Court of Appeals
## San Antonio, Texas

## CONCURRING AND DISSENTING OPINION

No. 04-18-00168-CV

**IN THE INTEREST OF J.A.B.**, a Child

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-PA-02092
Honorable Martha Tanner, Judge Presiding

### CONCURRENCE AND DISSENT TO OPINION ON MOTION FOR REHEARING

Opinion by: Sandee Bryan Marion, Chief Justice
Concurring and Dissenting Opinion by: Rebeca C. Martinez, Justice

Sitting en banc:      Sandee Bryan Marion, Chief Justice
                          Karen Angelini, Justice
                          Marialyn Barnard, Justice
                          Rebeca C. Martinez, Justice
                          Patricia O. Alvarez, Justice
                          Luz Elena D. Chapa, Justice
                          Irene Rios, Justice

Delivered and Filed: October 17, 2018

I concur in the en banc court's decision to reverse the trial court's order terminating Anthony's parental rights and remand the cause for a new trial; I dissent, however, from the en banc court's sua sponte decision to overrule *In the Interest of D.R.R.*, No. 04-17-00076-CV, 2017 WL 3044575 (Tex. App.—San Antonio July 19, 2017, pet. denied) (mem. op.) "to the extent it could be construed to conflict with" the en banc opinion issued today.

Rule 41.2(c) provides the legal standard for determining whether en banc consideration should be granted. TEX. R. APP. P. 41.2(c). The rule provides, in relevant part:

> (c) *En Banc Consideration Disfavored.* En banc consideration of a case is not favored and should not be ordered *unless necessary* to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc consideration.

*Id.* (emphasis added). I do not believe the case rises to the level at which en banc review is permissible under the rules because I fail to see a conflict between this case and the court's opinion in *In the Interest of D.R.R.* In both *J.A.B.* and *D.R.R.*, the underlying facts and arguments on appeal were so dissimilar as to warrant different outcomes. In *J.A.B.*, father's counsel left the courtroom shortly after the Department began examining the caseworker and did not return to the courtroom until *after* the State rested and closed. The court held that trial counsel's intentional abandonment of the indigent parent during trial reflected presumptively deficient conduct and that his absence during a critical stage of litigation warranted a presumption of prejudice.

In *D.R.R.*, in contrast, counsel was late and arrived after the State had commenced its case-in-chief and had completed direct examination of the first witness, the Department's caseworker. Counsel announced "not ready," stated he had no contact with his client, and proceeded to cross-examine the caseworker. Counsel *was present for the remainder of the trial. See In re D.R.R.*, 2017 WL 3044575, at *1 ("After the first witness—Department caseworker Kim Hubbard—completed her testimony on direct, Appellant's attorney appeared and announced "not ready," stating he had no contact with his client. Counsel proceeded to cross-examine the caseworker. Two additional witnesses testified."). Appellant did not complain that he was denied counsel who wholly failed to appear and fully participate at a critical stage of litigation at trial. We held that appellant failed to meet his initial burden to show that the challenged conduct — arriving late — fell below an objective standard of reasonableness. *Id*. at *2. The record did not contain evidence explaining or conceding counsel's deficiencies to overcome the presumption of reasonableness. *Id*.; *cf. In re J.M.O.*, 459 S.W.3d 90, 94 (Tex. App.—San Antonio 2014, no pet.) (concluding

counsel's performance was deficient where record showed appointed counsel stated in his motion to reconsider, and at the hearing on the motion, that he was at fault for failing to appear). Notwithstanding a request to abate and further develop the record, we held appellant could not meet the second prong to show prejudice to his defense based on the record. *Id*. at *2-3.

Notably, the arguments presented on appeal in *J.A.B.* and *D.R.R.* were very different. In *J.A.B.*, appellant argued counsel "wholly failed to appear at the trial" and appellant was therefore denied the effective assistance of counsel at trial. Appellant argued the adversarial process was so unreliable that a presumption of prejudice was warranted. The court was able to determine from the trial transcript when and why counsel abandoned appellant during trial, and concluded that when an attorney knowingly and completely abandons a parent during the State's case-in-chief and does not return until after closing argument, counsel's conduct falls below "reasonable, professional assistance" and cannot be considered sound trial strategy. Further, the court concluded that the State's case was not subjected to being tested during trial. That counsel returned to the courtroom after the State rested and closed but was permitted to cross-examine a witness was inapposite to our determination that the record had established deficient representation by appellant's attorney who had effectively abandoned his client at the critical stage of trial.

The appellant in *D.R.R.*, in contrast, raised two specific challenges on appeal: (1) trial counsel was ineffective because he (a) failed to communicate with appellant about the trial date and (b) arrived late; and (2) the trial court erred in denying counsel's "not ready" announcement. As to ineffective assistance, the record did not explain the challenged conduct raised by appellant. Unlike in *J.A.B.*, we were unable to determine from the record in *D.R.R.* "that it was trial counsel who failed to communicate with or advise Appellant" (noting instead that *the record itself* demonstrated appellant himself did not visit his child and did not appear at any trial settings, nor

communicate with the Department or his child).  *See In re D.R.R.*, 2017 WL 3044575, at *2.  The

record thus did not rebut the presumption that "counsel's representation fell within the wide range

of reasonable, professional assistance and might be considered sound trial strategy."  *Id*.  Also in

direct contrast to *J.A.B.*, the *D.R.R.* record did not support nor did appellant argue that the

challenged conduct resulted in an adversarial process so unreliable that prejudice must be

presumed.  *Id*.

In holding that a presumption of prejudice is warranted where counsel is absent for a

"critical stage" of litigation, *J.A.B.* relies upon this court's decision in *In re J.M.O.*, 459 S.W.3d

90 (Tex. App.—San Antonio 2014, no pet.).  In *J.M.O.*, unlike in *D.R.R.*, the record included

testimony from counsel admitting to his deficient conduct, thus allowing us to conclude *from the*

*record* that appellant met his burden under *Strickland*'s first prong to show deficient conduct by

trial counsel.  *In re J.M.O.*, 459 S.W.3d at 94.  The *J.M.O.* court, distinguishing *Lockwood*,[1]

concluded there was:

> no plausible strategic reason for [] appointed trial counsel to fail to appear at such
> a critical stage of litigation and subject the Department's case to appropriate
> adversarial testing.  Further, in this case, unlike in *Lockwood*, appointed counsel
> stated in his motion to reconsider, and at the hearing on the motion, that he was at
> fault for failing to appear and that he intended to appear.  He was merely late for
> trial because he was in a different courtroom at the time trial began.  Thus, we
> conclude [appellant] has shown his counsel's performance was deficient.

*Id*.  Under *Strickland*'s second prong, the *J.M.O.* court held, "[T]he *Chronic* presumption [of

prejudice] should apply when appointed counsel *wholly fails to appear at trial in a parental-rights*

*termination proceeding*."  *Id.* (emphasis added).  The *J.M.O.* court further held, "a presumption of

prejudice may be warranted if an indigent parent is denied counsel at a 'critical stage' of litigation"

---

[1] *Lockwood v. Tex. Dep't of Family & Protective Srvs.*, No. 03-12-00062-CV, 2012 WL 2383781 (Tex. App.—Austin June 26, 2012, no pet.) (mem. op.).

because "the adversary process itself is presumptively unreliable." *Id*. Again, the record in *D.R.R.*, however, did not explain the challenged conduct raised by appellant.

Given the factual distinctions between the two, I fail to see that a conflict exists between *J.A.B.* and *D.R.R.* warranting en banc review. I therefore dissent from the en banc court's sua sponte decision to overrule *D.R.R.* and would deny the State's panel motion for rehearing.

Rebeca C. Martinez, Justice