

## Fourth Court of Appeals
### San Antonio, Texas

### OPINION

No. 04-18-00168-CV

**IN THE INTEREST OF J.A.B.**, a Child

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-PA-02092
Honorable Martha Tanner, Judge Presiding

### OPINION ON MOTION FOR REHEARING

Opinion by:      Sandee Bryan Marion, Chief Justice
Concurring and Dissenting Opinion by: Rebeca C. Martinez, Justice

Sitting en banc:      Sandee Bryan Marion, Chief Justice
                      Karen A. Angelini, Justice
                      Marialyn Barnard, Justice
                      Rebeca C. Martinez, Justice
                      Patricia O. Alvarez, Justice
                      Luz Elena D. Chapa, Justice
                      Irene Rios, Justice

Delivered and Filed:  October 17, 2018

AFFIRMED IN PART, REVERSED IN PART, CAUSE REMANDED

On August 15, 2018, we issued an opinion in this appeal. The State filed a motion for rehearing, arguing the opinion conflicts with this court's prior opinion in *In re D.R.R.*, No. 04-17-00076-CV, 2017 WL 3044575 (Tex. App.—San Antonio July 19, 2017, pet. denied) (mem. op.). On the court's own motion, we withdraw the panel opinion and judgment dated August 15, 2018 and substitute this en banc opinion and judgment. Appellee's motion for rehearing is denied. *See* TEX. R. APP. P. 49.7.

This is an accelerated appeal from the trial court's order terminating Appellant Anthony's parental rights to his child, J.A.B. In a single issue on appeal, Anthony argues he received ineffective assistance of counsel at trial. Because we agree Anthony received ineffective assistance of counsel, we reverse the trial court's order of termination as it pertains to Anthony only and remand the cause for a new trial. However, because Anthony did not challenge the appointment of the Texas Department of Family and Protective Services (the "Department") as managing conservator under section 153.131 of the Texas Family Code, we affirm the trial court's appointment of the Department as managing conservator of J.A.B.

## Background

Tracy is the mother of J.A.B. and J.A.B.'s half-brother. Anthony is J.A.B.'s alleged father. On the date this case was filed, J.A.B. was thirteen years old and his brother was an infant.

Based on reports of physical neglect of J.A.B. and unsanitary living conditions in the home in which Tracy was living with J.A.B. and his infant brother, the Department removed both children and filed a petition to terminate Tracy's parental rights, as well as the parental rights of Anthony and the other child's father. Anthony was appointed trial counsel. While the case was pending, Anthony was arrested and incarcerated, and he is not due to be released from incarceration until October 27, 2020.

On March 1, 2018, the trial court held a bench trial. On the date of trial, Anthony was not present because he was incarcerated, and his trial counsel appeared and announced "not ready." The trial court overruled trial counsel's "not ready," and proceeded to trial to terminate Anthony's, Tracy's, and the other father's parental rights. The Department called a caseworker as its only witness. Shortly after the Department began examining the caseworker, trial counsel requested to be excused from the proceeding:

[Trial counsel]: Judge, pardon me. I have a[n] actual client in a termination hearing in 3.06. May I be excused and come back here very shortly?

[Trial court]: Can we proceed without you?

[Trial counsel]: Yes, you can, Judge.

[Trial court]: Okay.

Anthony's trial counsel then left the courtroom and did not return until after the Department rested.

During trial counsel's absence from the courtroom, the Department caseworker testified to the reasons why Anthony's parental rights should be terminated, specifically due to abandonment of J.A.B., and to the reasons why termination of Anthony's parental rights is in J.A.B.'s best interest. Also during trial counsel's absence, Tracy's attorney, the other father's attorney, and J.A.B.'s ad litem attorney each conducted a brief cross-examination of the Department caseworker, and the Department rested. While the attorneys were making closing statements, Anthony's trial counsel returned to the courtroom. After asking the trial court for permission to "ask one or two questions," trial counsel then conducted his own brief cross-examination of the Department caseworker. Trial counsel then rested. No other witnesses testified.

Tracy voluntarily relinquished her parental rights to both children, and the other father voluntarily relinquished his parental rights as well. The trial court accepted the voluntary relinquishments. The trial court terminated Anthony's parental rights to J.A.B. on the ground of abandonment and found termination of Anthony's parental rights is in J.A.B.'s best interest. Anthony appeals, complaining of ineffective assistance of counsel.

## Discussion

### A.    Standard of review

The Family Code guarantees indigent parents the right to counsel in government-initiated parental rights termination cases. TEX. FAM. CODE ANN. § 107.013(a)(1) (West Supp. 2017). That

right to counsel includes the right to effective assistance of counsel. *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). To determine whether Anthony received effective assistance of counsel in this case, we apply the standard of review set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 545. Under that standard, Anthony must establish by a preponderance of the evidence that: (1) trial counsel's performance fell below an objective standard of reasonableness; and (2) Anthony was prejudiced by trial counsel's defective performance. *Id.* (citing *Strickland*, 466 U.S. at 687).

**B.      Analysis**

Anthony alleges trial counsel was ineffective because: (1) trial counsel "wholly failed to appear and fully participate at a critical stage of litigation—the trial," and (2) "there is no testimony of any effort by trial counsel to secure [Anthony's] presence at trial to assist in his case during trial." Anthony relies on this court's opinion in *In re J.M.O.*, 459 S.W.3d 90 (Tex. App.—San Antonio 2014, no pet.).

In *J.M.O.*, we held an incarcerated father received ineffective assistance of counsel because his court-appointed counsel did not appear at trial and because father, "who also was not able to appear because of his counsel's failure to make arrangements with the state-jail facility, was not represented at trial by his appointed counsel or anyone else." *Id.* at 94. We concluded the first *Strickland* prong was satisfied because there was "no plausible strategic reason" for trial counsel to fail to show up for trial, particularly because trial counsel subsequently admitted he intended to appear and was at fault for his failure to do so. *Id.*

We also relied on *Lockwood v. Texas Department of Family and Protective Services*, in which our sister court held "a presumption of prejudice may be warranted if an indigent parent is denied counsel at a 'critical stage' of litigation." No. 03-12-00062-CV, 2012 WL 2383781, at *5 (Tex. App.—Austin June 26, 2012, no pet.) (mem. op.) (quoting *United States v. Cronic*, 466 U.S.

648, 659 (1984)). We agreed with *Lockwood* that a presumption of prejudice applied in *J.M.O.* because trial counsel "wholly" failed to appear at trial to "subject the Department's case to appropriate adversarial testing." *In re J.M.O.*, 459 S.W.3d at 94. Other courts have reached the same conclusion where trial counsel failed to show up for trial. *E.g.*, *In re K.B.*, No. 05-17-00428-CV, 2017 WL 4081815, at *7–8 (Tex. App.—Dallas Sept. 15, 2017, no pet.) (mem. op.).

In this case, unlike *J.M.O.* and *Lockwood*, Anthony's trial counsel did not "wholly fail" to show up for trial. Rather, trial counsel was in the courtroom when the case was called, announced "not ready," and later briefly cross-examined the Department caseworker. However, trial counsel was not present for virtually all of the Department's case, including ***all of its evidence in support of terminating Anthony's parental rights***, as well as the cross-examination of the Department's sole witness by the attorneys representing Tracy, the other father, and the ad litem. We therefore agree with Anthony that his trial counsel was not present for a "critical stage" of litigation—*i.e.*, the entirety of the Department's case in support of terminating Anthony's parental rights. Although trial counsel did briefly cross-examine the Department caseworker, trial counsel could not have "subject[ed] the Department's case to appropriate adversarial testing" after being absent for all of the caseworker's testimony regarding whether Anthony's parental rights should be terminated. *See In re J.M.O.*, 459 S.W.3d at 94.

We conclude Anthony has satisfied the first *Strickland* prong because there was no plausible strategic reason for trial counsel to be absent for all of the Department's case against Anthony. We need not conduct a prejudice analysis under the second *Strickland* prong because we conclude a presumption of prejudice is warranted in this case in light of trial counsel's absence during a "critical stage" of litigation. *See id.* Because we conclude trial counsel was ineffective for failing to be present during a "critical stage" of litigation, we need not address Anthony's second argument regarding whether trial counsel should have secured Anthony's presence at trial. To the

extent our opinion today could be construed to conflict with our prior opinion in *D.R.R.*, *D.R.R.* is overruled.

Because Anthony did not challenge the Department's conservatorship under section 153.131 of the Texas Family Code, we affirm the trial court's appointment of the Department as managing conservator of J.A.B. TEX. FAM. CODE ANN. § 153.131 (West 2014); *see also In re J.A.J.*, 243 S.W.3d 611, 617 (Tex. 2007) (explaining procedure when judgment terminating parental rights is reversed and Department's conservatorship under section 153.131 is affirmed).

### Conclusion

For these reasons, we hold Anthony received ineffective assistance of counsel at trial. Accordingly, we reverse the trial court's order of termination as it pertains to Anthony only and remand the cause to the trial court for a new trial. We affirm the trial court's appointment of the Department as managing conservator of J.A.B.

Sandee Bryan Marion, Chief Justice