Sandee Bryan Marion, Chief Justice
On August 15, 2018, we issued an opinion in this appeal. The State filed a motion for rehearing, arguing the opinion conflicts with this court's prior opinion in In re D.R.R. , No. 04-17-00076-CV, 2017 WL 3044575 (Tex. App.-San Antonio July 19, 2017, pet. denied) (mem. op.). On the *728 court's own motion, we withdraw the panel opinion and judgment dated August 15, 2018 and substitute this en banc opinion and judgment. Appellee's motion for rehearing is denied. See TEX. R. APP. P.49.7.
This is an accelerated appeal from the trial court's order terminating Appellant Anthony's parental rights to his child, J.A.B. In a single issue on appeal, Anthony argues he received ineffective assistance of counsel at trial. Because we agree Anthony received ineffective assistance of counsel, we reverse the trial court's order of termination as it pertains to Anthony only and remand the cause for a new trial. However, because Anthony did not challenge the appointment of the Texas Department of Family and Protective Services (the "Department") as managing conservator under section 153.131 of the Texas Family Code, we affirm the trial court's appointment of the Department as managing conservator of J.A.B.
Background
Tracy is the mother of J.A.B. and J.A.B.'s half-brother. Anthony is J.A.B.'s alleged father. On the date this case was filed, J.A.B. was thirteen years old and his brother was an infant.
Based on reports of physical neglect of J.A.B. and unsanitary living conditions in the home in which Tracy was living with J.A.B. and his infant brother, the Department removed both children and filed a petition to terminate Tracy's parental rights, as well as the parental rights of Anthony and the other child's father. Anthony was appointed trial counsel. While the case was pending, Anthony was arrested and incarcerated, and he is not due to be released from incarceration until October 27, 2020.
On March 1, 2018, the trial court held a bench trial. On the date of trial, Anthony was not present because he was incarcerated, and his trial counsel appeared and announced "not ready." The trial court overruled trial counsel's "not ready," and proceeded to trial to terminate Anthony's, Tracy's, and the other father's parental rights. The Department called a caseworker as its only witness. Shortly after the Department began examining the caseworker, trial counsel requested to be excused from the proceeding:
[Trial counsel]: Judge, pardon me. I have a[n] actual client in a termination hearing in 3.06. May I be excused and come back here very shortly?
[Trial court]: Can we proceed without you?
[Trial counsel]: Yes, you can, Judge.
[Trial court]: Okay.
Anthony's trial counsel then left the courtroom and did not return until after the Department rested.
During trial counsel's absence from the courtroom, the Department caseworker testified to the reasons why Anthony's parental rights should be terminated, specifically due to abandonment of J.A.B., and to the reasons why termination of Anthony's parental rights is in J.A.B.'s best interest. Also during trial counsel's absence, Tracy's attorney, the other father's attorney, and J.A.B.'s ad litem attorney each conducted a brief cross-examination of the Department caseworker, and the Department rested. While the attorneys were making closing statements, Anthony's trial counsel returned to the courtroom. After asking the trial court for permission to "ask one or two questions," trial counsel then conducted his own brief cross-examination of the Department caseworker. Trial counsel then rested. No other witnesses testified.
Tracy voluntarily relinquished her parental rights to both children, and the other father voluntarily relinquished his *729 parental rights as well. The trial court accepted the voluntary relinquishments. The trial court terminated Anthony's parental rights to J.A.B. on the ground of abandonment and found termination of Anthony's parental rights is in J.A.B.'s best interest. Anthony appeals, complaining of ineffective assistance of counsel.
Discussion
A. Standard of review
The Family Code guarantees indigent parents the right to counsel in government-initiated parental rights termination cases. TEX. FAM. CODE ANN.§ 107.013(a)(1) (West Supp. 2017). That right to counsel includes the right to effective assistance of counsel. In re M.S. , 115 S.W.3d 534, 544 (Tex. 2003). To determine whether Anthony received effective assistance of counsel in this case, we apply the standard of review set forth in Strickland v. Washington , 466 U.S. 668 (1984). Id. at 545. Under that standard, Anthony must establish by a preponderance of the evidence that: (1) trial counsel's performance fell below an objective standard of reasonableness; and (2) Anthony was prejudiced by trial counsel's defective performance. Id. (citing Strickland , 466 U.S. at 687 ).
B. Analysis
Anthony alleges trial counsel was ineffective because: (1) trial counsel "wholly failed to appear and fully participate at a critical stage of litigation-the trial," and (2) "there is no testimony of any effort by trial counsel to secure [Anthony's] presence at trial to assist in his case during trial." Anthony relies on this court's opinion in In re J.M.O. , 459 S.W.3d 90 (Tex. App.-San Antonio 2014, no pet.).
In J.M.O. , we held an incarcerated father received ineffective assistance of counsel because his court-appointed counsel did not appear at trial and because father, "who also was not able to appear because of his counsel's failure to make arrangements with the state-jail facility, was not represented at trial by his appointed counsel or anyone else." Id. at 94. We concluded the first Strickland prong was satisfied because there was "no plausible strategic reason" for trial counsel to fail to show up for trial, particularly because trial counsel subsequently admitted he intended to appear and was at fault for his failure to do so. Id.
We also relied on Lockwood v. Texas Department of Family and Protective Services , in which our sister court held "a presumption of prejudice may be warranted if an indigent parent is denied counsel at a 'critical stage' of litigation." No. 03-12-00062-CV, 2012 WL 2383781, at *5 (Tex. App.-Austin June 26, 2012, no pet.) (mem. op.) (quoting United States v. Cronic , 466 U.S. 648, 659 (1984) ). We agreed with Lockwood that a presumption of prejudice applied in J.M.O. because trial counsel "wholly" failed to appear at trial to "subject the Department's case to appropriate adversarial testing." In re J.M.O. , 459 S.W.3d at 94. Other courts have reached the same conclusion where trial counsel failed to show up for trial. E.g. , In re K.B. , No. 05-17-00428-CV, 2017 WL 4081815, at *7-8 (Tex. App.-Dallas Sept. 15, 2017, no pet.) (mem. op.).
In this case, unlike J.M.O. and Lockwood , Anthony's trial counsel did not "wholly fail" to show up for trial. Rather, trial counsel was in the courtroom when the case was called, announced "not ready," and later briefly cross-examined the Department caseworker. However, trial counsel was not present for virtually all of the Department's case, including all of its evidence in support of terminating Anthony's parental rights , as well as the cross-examination of the Department's sole *730 witness by the attorneys representing Tracy, the other father, and the ad litem. We therefore agree with Anthony that his trial counsel was not present for a "critical stage" of litigation-i.e. , the entirety of the Department's case in support of terminating Anthony's parental rights. Although trial counsel did briefly cross-examine the Department caseworker, trial counsel could not have "subject[ed] the Department's case to appropriate adversarial testing" after being absent for all of the caseworker's testimony regarding whether Anthony's parental rights should be terminated. See In re J.M.O. , 459 S.W.3d at 94.
We conclude Anthony has satisfied the first Strickland prong because there was no plausible strategic reason for trial counsel to be absent for all of the Department's case against Anthony. We need not conduct a prejudice analysis under the second Strickland prong because we conclude a presumption of prejudice is warranted in this case in light of trial counsel's absence during a "critical stage" of litigation. See ids="6874032" index="12" url="https://cite.case.law/sw3d/459/90/">id. Because we conclude trial counsel was ineffective for failing to be present during a "critical stage" of litigation, we need not address Anthony's second argument regarding whether trial counsel should have secured Anthony's presence at trial. To the extent our opinion today could be construed to conflict with our prior opinion in D.R.R. , D.R.R. is overruled.
Because Anthony did not challenge the Department's conservatorship under section 153.131 of the Texas Family Code, we affirm the trial court's appointment of the Department as managing conservator of J.A.B. TEX. FAM. CODE ANN.§ 153.131 (West 2014) ; see also In re J.A.J. , 243 S.W.3d 611, 617 (Tex. 2007) (explaining procedure when judgment terminating parental rights is reversed and Department's conservatorship under section 153.131 is affirmed).
Conclusion
For these reasons, we hold Anthony received ineffective assistance of counsel at trial. Accordingly, we reverse the trial court's order of termination as it pertains to Anthony only and remand the cause to the trial court for a new trial. We affirm the trial court's appointment of the Department as managing conservator of J.A.B.
Concurring and Dissenting Opinion by: Rebeca C. Martinez, Justice
CONCURRENCE AND DISSENT TO OPINION ON MOTION FOR REHEARING
I concur in the en banc court's decision to reverse the trial court's order terminating Anthony's parental rights and remand the cause for a new trial; I dissent, however, from the en banc court's sua sponte decision to overrule In the Interest of D.R.R ., No. 04-17-00076-CV, 2017 WL 3044575 (Tex. App.-San Antonio July 19, 2017, pet. denied) (mem. op.) "to the extent it could be construed to conflict with" the en banc opinion issued today.
Rule 41.2(c) provides the legal standard for determining whether en banc consideration should be granted. TEX. R. APP. P.41.2(c). The rule provides, in relevant part:
(c) En Banc Consideration Disfavored. En banc consideration of a case is not favored and should not be ordered unless necessary to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc consideration.
Id. (emphasis added). I do not believe the case rises to the level at which en banc review is permissible under the rules because *731 I fail to see a conflict between this case and the court's opinion in In the Interest of D.R.R . In both J.A.B . and D.R.R ., the underlying facts and arguments on appeal were so dissimilar as to warrant different outcomes. In J.A.B ., father's counsel left the courtroom shortly after the Department began examining the caseworker and did not return to the courtroom until after the State rested and closed. The court held that trial counsel's intentional abandonment of the indigent parent during trial reflected presumptively deficient conduct and that his absence during a critical stage of litigation warranted a presumption of prejudice.
In D.R.R. , in contrast, counsel was late and arrived after the State had commenced its case-in-chief and had completed direct examination of the first witness, the Department's caseworker. Counsel announced "not ready," stated he had no contact with his client, and proceeded to cross-examine the caseworker. Counsel was present for the remainder of the trial. See In re D.R.R. , 2017 WL 3044575, at *1 ("After the first witness-Department caseworker Kim Hubbard-completed her testimony on direct, Appellant's attorney appeared and announced "not ready," stating he had no contact with his client. Counsel proceeded to cross-examine the caseworker. Two additional witnesses testified."). Appellant did not complain that he was denied counsel who wholly failed to appear and fully participate at a critical stage of litigation at trial. We held that appellant failed to meet his initial burden to show that the challenged conduct - arriving late - fell below an objective standard of reasonableness. Id . at *2. The record did not contain evidence explaining or conceding counsel's deficiencies to overcome the presumption of reasonableness. Id .; cf. In re J.M.O ., 459 S.W.3d 90, 94 (Tex. App.-San Antonio 2014, no pet.) (concluding counsel's performance was deficient where record showed appointed counsel stated in his motion to reconsider, and at the hearing on the motion, that he was at fault for failing to appear). Notwithstanding a request to abate and further develop the record, we held appellant could not meet the second prong to show prejudice to his defense based on the record. Id . at *2-3.
Notably, the arguments presented on appeal in J.A.B . and D.R.R . were very different. In J.A.B ., appellant argued counsel "wholly failed to appear at the trial" and appellant was therefore denied the effective assistance of counsel at trial. Appellant argued the adversarial process was so unreliable that a presumption of prejudice was warranted. The court was able to determine from the trial transcript when and why counsel abandoned appellant during trial, and concluded that when an attorney knowingly and completely abandons a parent during the State's case-in-chief and does not return until after closing argument, counsel's conduct falls below "reasonable, professional assistance" and cannot be considered sound trial strategy. Further, the court concluded that the State's case was not subjected to being tested during trial. That counsel returned to the courtroom after the State rested and closed but was permitted to cross-examine a witness was inapposite to our determination that the record had established deficient representation by appellant's attorney who had effectively abandoned his client at the critical stage of trial.
The appellant in D.R.R ., in contrast, raised two specific challenges on appeal: (1) trial counsel was ineffective because he (a) failed to communicate with appellant about the trial date and (b) arrived late; and (2) the trial court erred in denying counsel's "not ready" announcement. As to ineffective assistance, the record did not *732 explain the challenged conduct raised by appellant. Unlike in J.A.B. , we were unable to determine from the record in D.R.R. "that it was trial counsel who failed to communicate with or advise Appellant" (noting instead that the record itself demonstrated appellant himself did not visit his child and did not appear at any trial settings, nor communicate with the Department or his child). See In re D.R.R. , 2017 WL 3044575, at *2. The record thus did not rebut the presumption that "counsel's representation fell within the wide range of reasonable, professional assistance and might be considered sound trial strategy." Id . Also in direct contrast to J.A.B ., the D.R.R. record did not support nor did appellant argue that the challenged conduct resulted in an adversarial process so unreliable that prejudice must be presumed. Id .
In holding that a presumption of prejudice is warranted where counsel is absent for a "critical stage" of litigation, J.A.B. relies upon this court's decision in In re J.M.O ., 459 S.W.3d 90 (Tex. App.-San Antonio 2014, no pet.). In J.M.O. , unlike in D.R.R. , the record included testimony from counsel admitting to his deficient conduct, thus allowing us to conclude from the record that appellant met his burden under Strickland 's first prong to show deficient conduct by trial counsel. In re J.M.O ., 459 S.W.3d at 94. The J.M.O . court, distinguishing Lockwood ,[1] concluded there was:
no plausible strategic reason for [ ] appointed trial counsel to fail to appear at such a critical stage of litigation and subject the Department's case to appropriate adversarial testing. Further, in this case, unlike in Lockwood , appointed counsel stated in his motion to reconsider, and at the hearing on the motion, that he was at fault for failing to appear and that he intended to appear. He was merely late for trial because he was in a different courtroom at the time trial began. Thus, we conclude [appellant] has shown his counsel's performance was deficient.
Id . Under Strickland 's second prong, the J.M.O. court held, "[T]he Chronic presumption [of prejudice] should apply when appointed counsel wholly fails to appear at trial in a parental-rights termination proceeding ." Id. (emphasis added). The J.M.O. court further held, "a presumption of prejudice may be warranted if an indigent parent is denied counsel at a 'critical stage' of litigation" because "the adversary process itself is presumptively unreliable." Id . Again, the record in D.R.R ., however, did not explain the challenged conduct raised by appellant.
Given the factual distinctions between the two, I fail to see that a conflict exists between J.A.B . and D.R.R. warranting en banc review. I therefore dissent from the en banc court's sua sponte decision to overrule D.R.R . and would deny the State's panel motion for rehearing.

Lockwood v. Tex. Dep't of Family & Protective Srvs. , No. 03-12-00062-CV, 2012 WL 2383781 (Tex. App.-Austin June 26, 2012, no pet.) (mem. op.).