**Reverse and Remand and Opinion Filed October 23, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-00507-CV**

**IN THE INTEREST OF R.R.-L. AND G.R.-L., CHILDREN**

**On Appeal from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-17-00398-X**

# MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Pedersen, III

This is an appeal from the portion of the trial court's April 9, 2019 Decree of Termination (the Order) that terminates the parental rights of appellant, M.R.[1] Appellant contends, and the Department of Family and Protective Services (the Department) agrees, that her rights were terminated in error. We reverse the portion of the Order terminating appellant's parental rights and remand for a new termination hearing.

**Background**

Appellant is the mother of two children, R.R.-L. and G.R.-L. The Department petitioned to terminate her parental rights to both children. Appellant responded to the petition with a letter asking for appointment of counsel. The trial court tre,ated her letter as an answer, found her to be

---

[1] The Order also addressed the parental rights of the respective fathers of R.R.-L. and G.R.-L. This appeal involves only the children's mother; we do not modify the remainder of the trial court's Order in any fashion.

indigent, and appointed an attorney to represent her. At different times during the pendency of this action, appellant was incarcerated. As a result, communication problems arose between appellant and her appointed attorney, and ultimately the attorney sought to withdraw from the representation. His motion informed the trial court that appellant was being held in the Dallas County Jail.[2] The trial court granted the motion to withdraw on November 30, 2018.

A final termination hearing was scheduled for January 24, 2019, and then re-set for February 21.[3] The trial court's docket sheet noted that the State—i.e., the Department—was to notify appellant of the new setting. No evidence or correspondence in the record indicates that appellant was informed of the trial date.

Meanwhile, on January 28, 2019, appellant sent a letter to the trial court asking for appointment of new trial counsel. No action was taken on the request. Instead, the final hearing went ahead on February 21st. Mother was in jail, and no attorney appeared on her behalf. Nor did anyone request that she be brought to court for that hearing. The trial court recited the individuals who were present and then stated that "the hall has been sounded for the Mother, there is not a response." The hearing proceeded. The children's caseworker testified, and the trial court found by clear and convincing evidence that appellant had committed the conduct alleged by the Department and that termination of her parental rights would be in the children's best interest.

## Right to Appointed Counsel

Appellant contends that the trial court erred by proceeding to the final hearing without appointing counsel for her and without insuring that she had been notified of the hearing date.

---

[2] The record indicates that Appellant was confined in the Dallas County Jail from November 6, 2018 through February 12, 2019. In addition, testimony at the final hearing established that she was incarcerated there on that date as well.

[3] From the record and briefing it appears that appellant was initially informed of an incorrect hearing date in January; when the error was discovered on January 24th, the hearing was re-set for the February date.

The parties agree that we review this issue, as we generally do issues governed by the Texas Family Code, for an abuse of discretion. We are mindful that the parental rights at issue in a proceeding under chapter 107 of that Code are constitutional in magnitude. *In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002). And the specific right at issue here—the right to appointed counsel—is guaranteed by statute:

> In a suit in which termination of the parent-child relationship is requested, the court shall appoint an attorney ad litem to represent the interests of: (1) an indigent parent of the child who responds in opposition to the termination.

TEX. FAM. CODE ANN. § 107.013(a)(1). The complete failure of a court to appoint counsel for indigent parents constitutes reversible error. *In re V.L.B.*, 445 S.W.3d 802, 806 (Tex. App.—Houston [1st Dist.] 2014, no pet.). If the indigent parent's attorney withdraws, it is an abuse of discretion not to appoint a new attorney for that parent. *In re J.R.*, No. 11-16-00203-CV, 2017 WL 253666, at *3 (Tex. App.—Eastland Jan. 17, 2017, no pet.) (mem. op.); *In re A.V.M.*, No. 13-12-00684-CV, 2013 WL 1932887, at *7 (Tex. App.—Corpus Christi May 9, 2013, pet. denied) (mem. op.). "Courts have a duty to see that withdrawal of counsel will not result in foreseeable prejudice to the client." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). And harm to the indigent parent is presumed when she is denied counsel at a critical stage of proceedings. *In re B.H.*, No. 05-18-00291-CV, 2018 WL 4443275, at *3 (Tex. App.—Dallas Sept. 18, 2018, no pet.) (mem. op.). The trial of a parental termination case is a critical stage of that proceeding. *In re J.M.O.*, 459 S.W.3d 90, 94 (Tex. App.—San Antonio 2014, no pet.). We conclude that the trial court abused its discretion in failing to appoint counsel for appellant before the final termination hearing.

The trial court's error was compounded by its failure to assure that appellant had reasonable notice of the setting for the final hearing before that hearing began. The trial court and the Department were aware that she was in the Dallas County Jail. Absent notice, and a request by an

appointed counsel or the Department, she was unable to attend the hearing and to avoid the default judgment terminating her rights.

We decide appellant's single issue in her favor.

## Conclusion

We reverse the portion of the trial court's Order that terminates appellant's parental rights. We remand that portion of this case to the trial court for appointment of an attorney ad litem and a new termination hearing.


/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE


190507f.p05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF R.R.-L.
AND G.R.-L., CHILDREN

No. 05-19-00507-CV

On Appeal from the 305th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. JC-17-00398-X.
Opinion delivered by Justice Pedersen, III.
Justices Whitehill and Partida-Kipness
participating.

In accordance with this Court's opinion of this date, the order of the trial court terminating the parental rights of Margarita Delores Rodriguez is **REVERSED.** No other aspect of the trial court's order has been challenged in this appeal.

We **REMAND** the reversed portion of this cause to the trial court for further proceedings consistent with this opinion.

.

Judgment entered this 23rd day of October, 2019.