

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-19-00380-CV

**IN RE E.H.R., JR.,** a Child

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2018PA01921
Honorable Richard Garcia, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:          Rebeca C. Martinez, Justice
                 Irene Rios, Justice
                 Beth Watkins, Justice

Delivered and Filed: November 27, 2019

AFFIRMED

Appellant Father appeals the trial court's order terminating his parental rights to his son

Edward.[1]   In a single issue, Father contends his appointed trial counsel rendered ineffective

assistance of counsel.  We affirm.

### BACKGROUND

On August 27, 2018, the Texas Department of Family and Protective Services ("the

Department") filed a petition to terminate Father's parental rights to Edward.  The petition also

---

[1] To protect the identity of a minor child in an appeal from an order terminating parental rights, we refer to the parents as "Mother" and "Father" and to the child using an alias.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).  Here, we refer to E.H.R., Jr. as "Edward."  The trial court's order terminates Mother's parental rights to Edward as well but only Father appeals.

sought to terminate the parental rights of Edward's mother. A bench trial was held on June 3, 2019.

To terminate parental rights pursuant to section 161.001 of the Texas Family Code, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. §§ 161.001, 161.206(a); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). In this case, the trial court found evidence of five predicate grounds to terminate Father's parental rights.[2] The trial court also found termination of Father's parental rights was in the best interest of the child.

### INEFFECTIVE ASSISTANCE

In Texas, there is a statutory right to counsel for indigent persons in a parental termination suit filed by a governmental entity. TEX. FAM. CODE ANN. § 107.013(a); *In the Interest of M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). This statutory right to counsel embodies the right to effective assistance of counsel. *In re M.S.*, 115 S.W.3d at 544. When evaluating a claim of ineffective assistance of counsel in a parental termination suit, we apply the test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id*. at 544–45. Under the first prong of the *Strickland* test, the appellant must show that counsel's performance was deficient; that is, that counsel made errors so serious that she was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id*. at

---

[2] The trial court found evidence Father

> knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child,[;] … engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child,[;] … constructively abandoned the child [;] … failed to comply with the provisions of a court order … ; [and] used a controlled substance … in a manner that endangered the health or safety of the child, and (1) failed to complete a court-ordered substance abuse treatment program[,] or (2) after completion of a court-ordered substance abuse treatment program continued to abuse a controlled substance … [.]

*See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (N), (O), (P).

544.  In evaluating counsel's performance under the first prong of the *Strickland* test, we look to the totality of the representation and the particular circumstances of the case.  *In the Interest of J.F.*, No. 04-14-00316-CV, 2014 WL 5351628, at *1 (Tex. App.—San Antonio 2014, pet. denied) (mem. op.).  Under the second prong of the *Strickland* test, the appellant must show that counsel's deficient performance prejudiced his defense; that is, that counsel's errors were so serious as to deny the appellant a fair and reliable trial.  *In the Interest of J.O.A.*, 283 S.W.3d 336, 342 (Tex. 2009); *In re M.S.*, 115 S.W.3d at 545 (citing *Strickland*, 466 U.S. at 687).  To establish an ineffective assistance claim, the appellant must successfully show both prongs of the Strickland test.  *In re M.S.*, 115 S.W.3d at 545.

Father contends trial counsel's performance was defective because trial counsel failed to file a written motion for continuance.  Father also complains counsel did not file a motion for new trial.  Father argues that a written motion for continuance would have allowed for his presence at trial which "would have been helpful."  According to Father, there may have been additional services he completed or began while in custody and there may have been family members who could have provided assistance.  Notably, Father does not provide any specific explanation of the additional services or the family members who may have helped.

On the date of the trial, trial counsel announced, "Not ready."  Trial counsel explained:

> [Father] was in [the] Bexar County Jail and received deferred adjudication on a charge in April of this year.  And May 8th, he was transferred to Dallas County, and he is currently incarcerated there, pending aggravated assault with a deadly weapon, a family violence and unauthorized carrying of a weapon charge.  So I could not get him available for the court today.  So, I'm not ready.

Trial counsel further explained she learned the previous week from Father's mother that Father was incarcerated in Dallas County.  The trial court verified that trial counsel had not filed a written motion for continuance and denied the oral request for continuance.

During trial, Mother testified Father had made no effort to see Edward. The family-based caseworker verified that during the pendency of the case, although Father asked about Edward during meetings, Father made no separate attempts to maintain contact with Edward through letters or phone calls. The record indicates Father was incarcerated during the pendency of the underlying case.

Mother also testified that Father had been using methamphetamine "for a long time" and he "couldn't stop using." Father acknowledged to the family-based caseworker that he had been using methamphetamine since he was 16. At the time of the trial, Father was in his mid-twenties.

Mother additionally testified Father physically abused her in front of Edward. The family-based caseworker testified she spoke with Father about an incident during which Father pushed Mother out of a moving vehicle, poured gasoline over Mother while threatening to set her on fire, and put a gun in Mother's mouth. The caseworker described another incident during which both parents were involved in a car chase with each other. The chase resulted in Mother blocking Father's vehicle with her own at a stop sign, and Father ramming his vehicle into Mother's, which caused the windshield of Mother's vehicle to break, while Edward was in the backseat of Mother's vehicle. The caseworker related Father told her that "he had an anger problem and he was working on it."

To resolve this issue in this case, we need only evaluate *Strickland*'s second prong: whether Father has met his burden to prove that trial counsel's performance prejudiced his defense. We review "whether 'there is a reasonable probability that but for counsel's unprofessional error(s), the result of the proceeding would have been different.'" *Id*. at 549–50 (quoting *Garcia v. State*, 57 S.W.3d, 436, 44 (Tex. Crim. App. 2001)).

In his briefing Father argues there is no need to show he was prejudiced by trial counsel's performance. Rather, Father argues prejudice should be presumed from trial counsel's actions,

pointing to this court's opinion in *In re J.M.O.*, 459 S.W.3d 90, 94 (Tex. App.—San Antonio 2014, no pet.). However, *In re J.M.O.* is easily distinguishable from the instant case. In *In re J.M.O.*, this court held that an incarcerated appellant in a parental rights termination case was denied effective assistance of counsel when the appellant's appointed trial counsel wholly failed to appear at trial. *In re J.M.O.*, 459 S.W.3d at 94. The court explained that trial counsel could not have had a plausible strategic reason to not appear at trial, which is a critical stage of litigation. *Id.* The court further explained that there was no need for a specific showing of prejudice because trial counsel's failure to appear at trial rendered the adversarial process itself presumptively unreliable, which warranted a presumption of prejudice. *Id.*

Here, unlike counsel in *In re J.M.O.*, trial counsel was present for trial and announced "not ready" but still advocated on Father's behalf and cross-examined each of the Department's witnesses. We are not persuaded by Father's argument that *In re J.M.O.* controls in this situation and he need not demonstrate he was prejudiced by trial counsel's alleged ineffectiveness.

Father has not shown that had trial counsel filed a written motion for continuance or motion for new trial, the trial court would have granted either motion and the outcome of the proceeding would have been different. Additionally, Father has not shown he was harmed by the failure to obtain a continuance so that he could be present at trial. *See In the Interest of Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003) (holding that a parent inmate does not have the absolute right to be present at a trial in which the termination of parental rights is at issue). We conclude Father has failed to meet his burden to prove that counsel's performance prejudiced his defense, that is, that counsel's errors were so serious that they denied him a fair and reliable trial. *See In the Interest of J.R.*, No. 04-14-00788-CV, 2015 WL 2124801, at *3 (Tex. App.—San Antonio 2015, no pet.) (mem. op.) (holding the appellant failed to meet his burden under the second prong of *Strickland* when he

failed to argue or prove that but for counsel's deficiencies the outcome would have been different, i.e., that his parental rights would not have been terminated).

## CONCLUSION

For the above reasons, we affirm the trial court's order terminating Father's parental rights.

Irene Rios, Justice