

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00153-CV

**IN THE INTEREST OF A.L.H.** and G.F.H.

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2016PA01945
Honorable Charles E. Montemayor, Associate Judge Presiding

Opinion by:      Karen Angelini, Justice

Sitting:         Karen Angelini, Justice
                 Rebeca C. Martinez, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  November 14, 2018

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

The Texas Department of Family and Protective Services sought to terminate both Appellant Mother's and Appellant Father's parental rights to their three children. This appeal involves only their two oldest children, A.L.H. and G.F.H. Their other child, G.N.H., although included in the same hearings with A.L.H. and G.F.H., is the subject of a separate appeal, Appeal No. 04-18-00154-CV. Because we hold that Appellant Mother was denied effective assistance of counsel, we reverse the portion of the trial court's order terminating her parental rights and remand the cause for further proceedings. However, because Appellant Mother does not challenge the trial court's conservatorship findings on appeal, we affirm the trial court's order of termination in all other respects.

## BACKGROUND

When the underlying case was called to trial on January 5, 2018, in attendance were Appellant Father (by phone due to his incarceration), Appellant Father's attorney, the Department's attorney, and the ad litem for the children. The trial judge noted that the case had been set multiple times and that it had been pending close to eighteen months. The trial judge also noted that neither Appellant Mother nor her attorney was present. The trial judge stated, "We are going forward today." However, due to the absence of Appellant Mother and her counsel, the trial judge stated that if counsel for Appellant Mother later filed a motion for new trial, along with Appellant Mother's affidavit, the new trial would be granted. Otherwise, according to the trial judge, he would "consider it a waiver of everything, and the judgment, whatever the evidence supports, will stand." A review of the record shows Appellant Mother's attorney did not file a motion for new trial.

The trial judge then heard evidence from Appellant Father, the Department caseworker, a psychologist who conducted a psychological exam of both Appellant Mother and Appellant Father, the CASA volunteer assigned to the case, and Appellant Mother's aunt. The record shows that Appellant Mother arrived at the hearing about an hour and a half after it began and was called to testify by the State. However, her attorney did not make an appearance at any point that day.

At the close of the testimony, the trial judge terminated Appellant Father's parental rights and entered an interlocutory order to that effect. As to Appellant Mother, the trial judge reiterated that Appellant Mother's attorney was not present and Appellant Mother had made an appearance an hour and a half after the proceedings had begun. The trial judge then stated,

> I'll, once again, make a provision. I'll make an exception for this. And I'm going to say that though we have begun trial as to the mother, she has testified here today, [and] she's participated here today. I do understand that she is without counsel, and the Court will accommodate that.

The trial judge then appointed co-counsel to work with the counsel already appointed and announced a recess as to Appellant Mother. The trial judge stated Appellant Mother's trial would continue on March 2, 2018.

On March 2, 2018, Appellant Mother's trial proceeded. The trial judge noted he had previously signed an interlocutory order of termination as to Appellant Father. The trial judge stated,

> I'm going to incorporate all testimony of the January 5, 2018 hearing into today's hearing by court order, taking judicial notice of it and incorporating. My understanding is [Appellant Mother] was not present at the January 5th. She arrived late. [Appellant Mother's attorney] had some medical issues and was not present on January 5th.

The Department's attorney then stated he would call Appellant Mother as a witness but because she was not present, he rested his case without presenting further testimony. The children's ad litem called the CASA volunteer to testify. Appellant Mother's attorney called Appellant Mother's aunt to testify. In her closing argument, Appellant Mother's attorney argued against termination, but admitted that she did not know what evidence had been presented regarding her client: "I was not present at the last hearing, so I don't know if there was evidence given that she did participate in services." The trial judge again stated he was incorporating the entire testimony from the January 5, 2018 hearing and ordered termination of Appellant Mother's parental rights. Appellant Mother and Appellant Father appealed.

Both court-appointed counsel for Appellant Father and Appellant Mother filed briefs pursuant to *Anders v. California*, 386 U.S. 738 (1967). On August 15, 2018, we issued an opinion in this appeal. *See In re A.L.H.*, No. 04-18-00153-CV, 2018 WL 3861695 (Tex. App.—San Antonio Aug. 15, 2018). With respect to Appellant Father, we affirmed the trial court's order terminating his parental rights. *Id.* at *2. With respect to Appellant Mother, we concluded that "[g]iven the absence of Appellant Mother's court-appointed attorney at the first day of trial," "there

is at least an arguable issue for appeal relating to the right to counsel and ineffective assistance of counsel." *Id.* at \*3. Therefore, we abated Appellant Mother's appeal, granted her counsel's motion to withdraw, and ordered the trial court to appoint new appellate counsel for Appellant Mother. *Id.*

## DISCUSSION

On September 24, 2018, Appellant Mother's new appellate counsel filed a brief on her behalf, arguing that Appellant Mother was denied effective assistance of counsel. *See In re M.S.*, 115 S.W.3d 534, 544-45 (Tex. 2003) (applying *Strickland v. Washington* standard to parental termination cases). In response, the State filed a brief conceding that Appellant Mother was denied effective assistance of counsel. After reviewing the record, we agree that Appellant Mother was denied effective assistance of counsel. *See In re J.M.O.*, 459 S.W.3d 90, 94 (Tex. App.—San Antonio 2014, no pet.) (holding there can be no plausible strategic reason for counsel to fail to appear at trial and there is no need to make a specific showing of prejudice when appointed counsel wholly fails to appear at trial, as the adversary process itself is presumptively unreliable). Therefore, the portion of the order terminating Appellant Mother's parental rights must be reversed. *See id.*

In its order of termination, the trial court also made specific findings regarding conservatorship pursuant to section 153.131 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 153.131. The trial court found that appointment of Appellant Mother as A.L.H. and G.F.H.'s managing conservator would not be in their best interest because it would significantly impair their physical health or emotional development and that appointment of the Department as their sole managing conservator was in their best interest. *See id*. Appellant Mother has not challenged these conservatorship findings on appeal. *See In re J.A.J.*, 243 S.W.3d 611, 617 (Tex. 2007) (explaining that reversal of a parental termination order in a judgment does not affect conservatorship order contained in same judgment absent a challenge on appeal to the trial court's conservatorship

findings). Therefore, the trial court's order with respect to those conservatorship findings must be affirmed. *See id.* (holding that when appellant did not challenge trial court's conservatorship findings on appeal, the court of appeals erred in reversing the portion of the trial court's order appointing the Department as the sole managing conservator of the child).

## CONCLUSION

Because Appellant Mother was denied effective assistance of counsel, we reverse the portion of the trial court's order terminating her parental rights and remand the cause for further proceedings. The trial court's order is affirmed in all other respects, including the portion of the order appointing the Department as sole managing conservator of the children.

Karen Angelini, Justice