Opinion filed July 10, 2025



**In The**

# Eleventh Court of Appeals

_____

**No. 11-25-00027-CV**

_____

## IN THE INTEREST OF M.M.B. AND D.L.D., CHILDREN

**On Appeal from the 446th District Court**

**Ector County, Texas**

**Trial Court Cause No. E-23-012-PC**

## M E M O R A N D U M   O P I N I O N

This is an accelerated appeal from an order in which the trial court terminated the parental rights of the mother and fathers of M.M.B. and D.L.D.[1]  Only the mother appealed.  In three issues, Appellant contends that: (1) the trial court violated her right to counsel; (2) her trial counsel rendered ineffective assistance; and (3) the trial court abused its discretion when it denied her motion for continuance.  We reverse in part and remand.

---

[1]We use initials to refer to the children.  TEX. R. APP. P. 9.8(b).

## I. *Factual Background*[2]

The Texas Department of Family and Protective Services (the Department) became involved in this matter in February 2023, and ultimately sought permanent managing conservatorship of M.M.B. and D.L.D. in August 2023. The final termination hearing was scheduled to commence on January 7, 2025. On January 6, Appellant's trial counsel filed a motion for continuance and a motion to withdraw. Neither Appellant nor her trial counsel appeared for the final hearing the following day. Despite this, the trial court denied these motions and proceeded in their absence.

The Department presented evidence that Appellant's drug use and neglectful supervision of the children prompted its intervention. According to a lab report that was admitted without objection, Appellant tested positive for methamphetamine and amphetamine on July 27, 2023, less than a month before the children's removal. On August 1, 2023, Appellant was arrested for possessing less than a gram of a controlled substance in penalty group 1 or 1-B, a state-jail felony, and was subsequently placed on deferred adjudication community supervision for a period of five years. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West Supp. 2024). The Department caseworker testified that while the termination case was pending, Appellant consistently refused to provide her home address, missed multiple parent-child visits, and did not submit to any required monthly drug screens.

At the close of evidence, the Department urged the trial court to terminate Appellant's parental rights based on subsections (D), (E), and (O). Although the Department's original petition alleged, in addition to other statutory violations, that Appellant had constructively abandoned the children pursuant to subsection (N), the Department's attorney recognized that Appellant "did attend some visitation, so [they] weren't specifically requesting the N ground[] at this point." The trial court

---

[2]Because the evidence presented at trial is inconsequential to our disposition, we only recite the facts that are pertinent to our disposition of this appeal.

then announced its findings that "the Department has proven by clear and convincing evidence the D, E, and O grounds on [Appellant]." The trial court's final order contained written findings that Appellant had (1) endangered the children as set forth in Sections 161.001(b)(1)(D) and (E) of the Family Code, (2) constructively abandoned the children under Section 161.001(b)(1)(N), and (3) failed to comply with the provisions of her court-ordered service plan pursuant to Section 161.001(b)(1)(O). *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(D), (E), (N), (O). The trial court further found that termination was in the children's best interest. *See* FAM. § 161.001(b)(2). This appeal followed.[3]

## II. *Discussion*

In her second issue, which is dispositive, Appellant asserts that her court-appointed trial counsel rendered ineffective assistance by failing to appear at the final hearing. In government-initiated suits to terminate the parent-child relationship, such as this case, parents have "the right to effective counsel [and representation] to reduce the risk of an erroneous deprivation and unjust outcome." *In re D.T.*, 625 S.W.3d 62, 73 (Tex. 2021) (citing FAM. § 107.013); *see also In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003) ("[T]he statutory right to counsel in parental-rights termination cases embodies the right to effective counsel."). A parent who raises an ineffective-assistance claim must meet the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) and show that: (1) counsel's performance was deficient; and (2) the parent was prejudiced by counsel's deficient

---

[3]Appellant's first court-appointed appellate counsel filed an *Anders* brief and a motion to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Following the procedures set forth in *Anders*, *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), and *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008), we independently reviewed the record and concluded that this appeal was not amenable to disposition under *Anders*. We noted in that regard that trial counsel's absence "not only amounts to ineffective assistance, but is presumptively prejudicial." *In re M.M.B.*, No. 11-25-00027-CV (Tex. App.—Eastland April 10, 2025) (per curiam) (order) (citing *In re J.C.H.-P.*, 673 S.W.3d 262, 266–67 (Tex. App.—San Antonio 2023, pet. denied)). We granted counsel's motion to withdraw, abated this appeal, and remanded this cause to the trial court with instructions to appoint other appellate counsel. This appeal was reinstated after the trial court appointed new appellate counsel.

performance. *See D.T.*, 625 S.W.3d at 73 (citing *Strickland*, 466 U.S. at 687). To effectively represent a parent at a final termination hearing, the parent's trial counsel must "appear at such a critical stage of the litigation and subject the Department's case to appropriate adversarial testing." *See, e.g.*, *In re J.C.H.-P.*, 673 S.W.3d 262, 266–67 (Tex. App.—San Antonio 2023, pet. denied).

In this setting, where a parent's court-appointed trial counsel fails to appear at trial, counsel's absence constitutes ineffective assistance, because no plausible strategic reason may explain counsel's absence during such a critical stage of the litigation. *J.C.H.-P.*, 673 S.W.3d at 266. And "[i]n certain Sixth Amendment contexts, prejudice is presumed," such as the "[a]ctual or constructive denial of the assistance of counsel altogether." *Strickland*, 466 U.S. at 692. That is because when "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." *U.S. v. Cronic*, 466 U.S. 648, 659 (1984); *see also J.C.H.-P.*, 673 S.W.3d at 266; *In re Z.A.R.*, No. 05-23-01142-CV, 2024 WL 1521256, at *3 (Tex. App.—Dallas Apr. 9, 2024, no pet.) (mem. op.) ("Because appointed counsel wholly failed to appear [at trial], the State's evidence was not subjected to appropriate adversarial testing, rendering the process so unreliable that a presumption of prejudice is warranted."); *A.G. v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-22-00502-CV, 2022 WL 10714200, at *4–5 (Tex. App.—Austin Oct. 19, 2022) (per curiam) (order & mem. op.) (abating an appeal after appellate counsel filed an *Anders* brief because the mother's "lack of legal representation in the proceedings below is a non-frivolous issue").

Here, the record clearly demonstrates that Appellant's trial counsel, despite his knowledge, did not appear at the final hearing, which is indisputably a "critical stage" of litigation. *See Cronic*, 466 U.S. at 659; *J.C.H.-P.*, 673 S.W.3d at 266. Due to the complete absence of any representation at the final hearing, the Department's

evidence was not subjected to the meaningful adversarial testing that is required in such proceedings. This violation of the *Strickland* criteria, among other things, rendered the process so unreliable that a presumption of prejudice is indeed warranted in this instance. *See In re J.F.*, 589 S.W.3d 325, 335 (Tex. App.—Amarillo 2019, no pet.) (The denial of court-appointed counsel to represent the parent at trial "constitutes reversible error."); *In re J.M.O.*, 459 S.W.3d 90, 94 (Tex. App.—San Antonio 2014, no pet.). We therefore sustain Appellant's second issue. *See D.T.*, 625 S.W.3d at 73. In light of our disposition, we need not address the other issues raised by Appellant. *See* TEX. R. APP. P. 47.1. Further, our holding does not alter or affect the trial court's appointment of the Department as the children's managing conservator. *See In re J.A.J.*, 243 S.W.3d 611, 615–17 (Tex. 2007).

III. *This Court's Ruling*

Accordingly, we reverse the trial court's final order insofar as it terminated Appellant's parental rights, and we remand this cause to the trial court for further proceedings consistent with this opinion. *See* TEX. R. APP. P. 44.1(b). Any proceedings on remand must be commenced within 180 days of this court's mandate. *See* TEX. R. APP. P. 28.4(c).

W. STACY TROTTER
JUSTICE

July 10, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.